GORMAN *v.* McCLEAF.

1. ATTORNEY AND CLIENT—NEGLECT OF ATTORNEY.
   A client should not have to suffer for the neglect of his attorney.

2. TRIAL—NONJURY CASE—REOPENING PROOFS.
   It was not an abuse of discretion on the part of trial judge in nonjury case to reopen proofs to permit plaintiff to introduce testimony of police officer as to statements made to him by defendant driver implicating appellant who had employed the driver to respond to TV service calls on a part-time basis.

3. EVIDENCE—IMPEACHMENT.
   The testimony of police officer that defendant driver had stated to the officer that the driver was working for defendant-appellant at time of accident, was admissible for the purpose of impeaching the driver who had testified he was not sure whether or not he was working at that time.

4. SAME—HEARSAY—RES GESTAE.
   Testimony of police officer and a fellow employee as to statements defendant driver had made as to employer-employee relationship with defendant-appellant was not admissible against latter, where it was not a part of the *res gestae* and was hearsay.

5. SAME—MASTER AND SERVANT—RES GESTAE.
   A statement in the nature of an admission by an employee is not admissible as to the employer so as to bind the latter unless it is a part of the *res gestae* or unless authorized by the employer or made within the scope of the employment.

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur, Attorneys at Law § 45 *et seq.*
[2]  53 Am Jur, Trial § 123.
[3]  58 Am Jur, Witnesses §§ 674–804.
[4–6]  20 Am Jur, Evidence §§ 450–454, 661 *et seq.*
   35 Am Jur, Master and Servant § 596.
   5A Am Jur, Automobiles and Highway Traffic § 982.
[7]  35 Am Jur, Master and Servant §§ 532–583.
[8]  35 Am Jur, Master and Servant §§ 577–583.
   5A Am Jur, Automobiles and Highway Traffic §§ 631–653.

6. Master and Servant—Automobiles—Evidence—Hearsay.

Trial court committed error in finding defendant-appellant stood in relation of employer of defendant driver whose negligence resulted in serious injuries to plaintiff, where the sole testimony connecting appellant with the driver as an employer was hearsay testimony.

7. Same—Wilful and Wanton Misconduct of Employee.

Whether or not an employer would be liable for the wilful and wanton misconduct of an employee which resulted in serious injuries to plaintiff is not discussed, where it is determined that the relationship of employer and employee did not exist at time injuries were inflicted.

8. Automobiles—Intersections—Master and Servant.

Judgment against defendant-appellant for injuries inflicted by defendant driver *held*, error, where employer-employee relationship was not established as existing at time of accident, the injuries were inflicted by defendant driver after he had passed 3 cars stopped at a red light, crossed center line of street, and notwithstanding cross traffic was moving in the intersection near factory gate, the driver ran red traffic light and injured plaintiff lawfully on the crosswalk.

Appeal from Genesee; Parker (Donn D.), J. Submitted December 5, 1962. (Calendar No. 94, Docket No. 49,536.) Decided February 7, 1963. Rehearing denied April 5, 1963.

Case by Robert L. Gorman against Robert McCleaf, and John G. LeSage, doing business as O.K. Television, for personal injuries sustained when struck by automobile. Judgment for plaintiff. Defendant LeSage appeals. Reversed as to defendant LeSage.

*Schwesinger, Wright & Salim* (*Chester R. Schwesinger* and *Richard C. Evans,* of counsel), for plaintiff.

*Jerome F. O'Rourke,* for defendant LeSage.

Kavanagh, J. This is an appeal from a court-entered $26,000 judgment. Defendant LeSage oper-

ates a television sales and service business. Defendant McCleaf worked for him as a part-time service man. Calls were received at the store which McCleaf would pick up and make daily. He was paid for each call. He used his own car.

On June 20, 1957, at about 4 p.m., in downtown Flint, McCleaf drove past 3 cars which were stopped for a red light, crossed the center line of the street and proceeded through the red light at between 35 and 50 miles per hour, striking plaintiff, a pedestrian, who was lawfully on the crosswalk. Plaintiff suffered severe and permanent injuries.

At the trial McCleaf testified he had completed a call at 224 West Fourth avenue near Chevrolet avenue and was driving west on Third avenue near Chevrolet avenue. He was not going home. He could not remember where he was going when he hit plaintiff. After the proofs were in and the parties had rested, the court, over objections, permitted plaintiff to reopen the case for the purpose of introducing testimony of Police Officer Barron that McCleaf had said he was on his way to make a service call when the accident happened.

The court entered a joint and several judgment against the defendants and for the plaintiff, finding that McCleaf was an employee of LeSage and that he was in the course of his employment at the time of the accident. The court also found McCleaf's actions to be "wanton and wilful."

Defendant LeSage filed a motion to set aside the judgment as contrary to law. LeSage contended that he, as employer, should not be liable under the doctrine of *respondeat superior* for the conduct of his employee, since the court had found the employee guilty of wilful and wanton misconduct.

The court denied the motion stating he had not intended to characterize McCleaf's conduct as a de-

liberate and intentional act but had meant instead "gross negligence."

Several questions are presented on this appeal. The first one is whether or not the trial court erred in allowing the case to be reopened for the purpose of introducing the testimony of Police Officer Barron. The affidavit by plaintiff's attorney in support of the motion to reopen states he was unaware that the police officer could testify to the conversation with defendant McCleaf until about 3:30 p.m., on July 21, 1961. The trial began July 19, 1961. The accident occurred on June 20, 1957. The record does not disclose when plaintiff retained his attorney. However, suit was begun on August 20, 1959. From that date, at least, plaintiff's attorney was in charge of the case. The statement of McCleaf, taken on June 22, 1957, discloses it was taken in the presence of Barron. An information filed against McCleaf on July 15, 1957, for felonious driving lists George Barron as a witness. The affidavit filed in support of the motion to reopen does not satisfactorily explain why under these facts plaintiff's attorney failed and neglected to interview Officer Barron until this matter came on for trial.

A client should not have to suffer for the neglect of his attorney unless other's rights intervene which make such a ruling necessary in the interest of justice. This case was tried by the court without a jury. The trial had concluded but the judge had not rendered his decision. There is no showing of undue hardship or surprise to defendants or that they were unable to meet the testimony which was introduced. The course and handling of a trial is generally a matter for the discretion of the trial judge. We find no abuse of discretion.

The second question is whether or not the testimony of Barron was admissible, either for the pur-

pose of impeaching the testimony of defendant McCleaf or for establishing the relationship of employee-employer between McCleaf and LeSage. McCleaf's testimony was that he could not remember if he was working at the time of the accident. The testimony was admissible as to him for purposes of impeachment. *Gilchrist* v. *Gilchrist,* 333 Mich 275; *Kalamazoo Yellow Cab Co.* v. *Kalamazoo Circuit Judge,* 363 Mich 384. However, as to defendant LeSage, we have a different situation. He was not present at the time of the alleged conversation, and Officer Barron was unable to fix the exact time when the statement was made by defendant McCleaf. On cross-examination, Officer Barron could only specify that the statement was made either the day of the accident or the day after. A fellow employee by the name of Teachout testified that several days after the accident he had a conversation with McCleaf which led him to believe McCleaf was going on a call at the time of the accident. Both statements were admissible for the purpose of impeaching the testimony of McCleaf, but the time was not sufficiently fixed by the police officer to make his statement a part of the *res gestae.* Clearly, Teachout's testimony of a conversation some days after the accident was not a part of the *res gestae.* A statement in the nature of an admission by an employee is not admissible as to the employer so as to bind the employer, unless it is a part of the *res gestae* or unless authorized by the employer or made within the scope of the employment. *Kalamazoo Yellow Cab Co.* v. *Kalamazoo Circuit Judge, supra; Holtz* v. *L. J. Beal & Son, Inc.,* 339 Mich 235. The statements of Teachout and the police officer should not have been considered in determining employer LeSage's liability.

A careful examination of the record in this case discloses no evidence whatsoever to establish liability on the part of the employer LeSage. The employer-

employee relationship at the time of the accident was not established. The trial court erred in finding that such relationship existed.

In view of the foregoing, it is not necessary to discuss the final question dealing with wilful and wanton misconduct or gross negligence.

The judgment of the trial court as to defendant LeSage is reversed, and the matter is referred to the trial court for the entry of a judgment of no cause for action as to defendant LeSage. The judgment in the amount of $26,000 against defendant McCleaf is affirmed. Defendant LeSage only shall have costs.

Carr, C. J., and Dethmers, Kelly, Black, Souris, and Otis M. Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.