**Donald Gene LAY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15027.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

Dennis L. Pope, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Donald Gene Lay, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County for the offense of Rape in the First Degree, and from the judgment and sentence fixing his punishment at twenty-five (25) years imprisonment in the State Penitentiary, he appeals.

Briefly stated, the facts are that on the 7th day of March, 1968, the prosecutrix and her fiancee were seated in a car on a country road after having engaged in sexual intercourse, when the defendant, armed

with what was apparently a pistol, stopped his car, forced the prosecutrix's fiancee from the car and ordered him to lie in a ditch, while he forced the prosecutrix to enter his automobile and accompany him to a farmhouse where he parked. After an elapse of a considerable length of time, according to the State's evidence, he ordered the prosecutrix in the backseat of the car, directed her to disrobe and raped her, thereafter committing another assault on the person of the prosecutrix. The defendant then drove the prosecutrix to town, near the apartment of a friend, and she proceeded to the police station, where she gave a description of the occurrence, together with defendant's description and that of his automobile.

The evidence on behalf of defendant, a former convict, was in substance that he had been drinking heavily on the evening in question, when he observed the couple parked on a country road; that he decided to play a joke on them and ordered the prosecutrix's fiancee from the car with a toy pistol, but insisted that the prosecutrix voluntarily accompanied him in his automobile and voluntarily submitted to sexual relations with him.

A part of the transcript of the testimony given at preliminary hearing was introduced for the purpose of showing discrepancies in the testimony of State's witnesses given at the time of trial, but were not of such material nature as to require discussion.

■ This leads us to a consideration of the assignment of error argued in substance that the evidence was insufficient to support the verdict of the jury and the punishment imposed was a result of bias and prejudice as a result of the prior record of criminal convictions admitted by the defendant on cross-examination. It is readily apparent from an examination of the record that the evidence was in sharp conflict and presented a question of fact for the jury's determination and that the punishment imposed was not excessive under the facts and circumstances of the in-

stant case; and that the sentence was not, therefore, the result of prejudice created in the minds of the jury by virtue of the former convictions of the defendant. The range of punishment for the offense charged is wide, and the maximum punishment that is authorized by law is life imprisonment or death in the electric chair. We cannot, therefore, see, in the light of the record before us, that twenty-five years imprisonment is excessive.

To summarize our holding, as we have held many times, and recently in the case of Tripp v. State, Okl.Cr., 453 P.2d 295:

> "Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh evidence and determine the facts."

■ This leads us to a consideration of defendant's contention that the trial court erred in admitting, over counsel's objection, statements made by the defendant while in custody, in violation of his constitutional rights. We are of the opinion that this assignment of error is completely without merit, for no Motion to Suppress was ever filed by the defendant and the only objections made to the admission of this testimony were on other grounds. It is abundantly clear from the record that prior to the defendant's making any statement to the officers, he was thoroughly advised of his constitutional rights in accordance with the *Miranda* decision, in open court, by a judge who was called at an early morning hour to advise the defendant. Moreover, it is abundantly clear that the defendant did not wish counsel and that the statements were not admitted in violation of the defendant's constitutional rights, notwithstanding his assertion that they were influenced by fear. At most, this could have only created a question of fact for the determination of the jury and their determination on this issue is amply supported by the evidence.

■ The defendant further argues that the trial court erred in admitting notes taken by investigating officers at the time the defendant made his statements to them.

All of the facts and circumstances of the taking of these notes, together with the content thereof, were before the jury for their consideration, and we are of the opinion that the notes were admissible as past recollection recorded. We follow the rule set forth in Jordan v. People, 151 Colo. 133, 376 P.2d 699, wherein the Supreme Court of Colorado said, in pertinent part:

"A past recollection recorded meets the requirements for admissibility when it appears that the witness (1) can identify the memorandum, (2) adequately recalls the making of it at or near the time of the event, either as recorded by himself or by another, and (3) can testify to its accuracy. * * *"

Moreover, assuming that the notes were erroneously admitted, they were merely cumulative and in the light of the entire record did not influence the jury and their determination.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.