## MONCRIEF v CITY OF DETROIT

Docket No. 56806. Argued February 4, 1976 (Calendar No. 6).—Decided December 7, 1976.

Willie Moncrief brought an action for damages against the City of Detroit for injuries she sustained while she was a passenger on a bus operated by the defendant's Department of Street Railways. Judgment for defendant in Wayne Circuit Court, Richard M. Maher, J., in a bench trial. The trial judge, after hearing testimony of the investigating police officer, who read from the accident report he had made, ruled that the evidence was inadmissible by statute, and disregarded it. The Court of Appeals, McGregor, P. J., and J. H. Gillis and Quinn, JJ., affirmed in a memorandum opinion (Docket No. 20550). Plaintiff appeals. *Held:*

1. Striking the testimony of the police officer who had investigated the accident was not error when it became clear that the officer had no present recollection of the accident and was merely reading and answering from a photocopy of the accident report that he had made at the time of his investigation. The accident report was neither offered nor admitted into evidence and its reading by the officer without refreshed recollection was not permissible. The report would not have been admissible as past recollection recorded in this case because no adequate foundation was laid. The sections of the Michigan Vehicle Code requiring certain accident reports to be made and forwarded to the Director of State Police and making them inadmissible in evidence have no application here. They do not refer to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6–8] 29 Am Jur 2d, Evidence §§ 876, 877.

Refreshment of recollection by use of memoranda or other writings. 125 ALR 72, s. 82 ALR2d 473.

[3] 57 Am Jur 2d, Negligence §§ 6, 7.

[4] 29 Am Jur 2d, Evidence § 448.

[5, 7, 9] 8 Am Jur 2d, Automobiles and Highway Traffic § 959.

Admissibility of report of police or other public officer or employee, as to cause of or admissibility for injury to person, or damage to property. 153 ALR 167, s. 69 ALR2d 1148.

[9] 29 Am Jur 2d, Evidence § 497.

police officer's personal notes or the routine report that the officer takes at the scene of an accident.

2. The finding of the trial court, who considered the bus driver to be a more credible witness than the plaintiff, whose testimony was generally confused and indefinite, that the defendant was not negligent, was not clearly erroneous.

Chief Justice Kavanagh, voting to affirm, agreed with Justice Levin that the testimony could have been admitted had a proper foundation been laid, and that the trial court would have erroneously excluded the testimony even if properly founded on account of his expressed misunderstanding of the statute. However, he voted to affirm on the ground that it was not error to grant the motion to strike the testimony of the police officer for lack of a proper foundation.

Justice Levin, with Justice Williams concurring, dissented. He wrote that:

1. Striking the testimony of the investigating police officer on the ground that it was based on his written report of the accident was erroneous. The provision of the Michigan Vehicle Code prohibiting the use in any court action of the accident reports required by that statute refers to the reports required to be made by drivers, and not to notes or reports made by an investigating police officer.

2. The accident report would be admissible into evidence as past recollection recorded if a proper foundation were laid. The trial court admitted the evidence as present memory refreshed, although the officer was not able to testify without the aid of the accident report. There was no objection that the witness's memory had not been refreshed, so there was no reason for the plaintiff's attorney to make an offer of proof of testimony as past recollection recorded, which is inconsistent with present memory refreshed. The plaintiff has had no opportunity to respond in the trial court to the deficiency noted on appeal, *i.e.,* that the proper foundation was not laid, and it appears that a proper foundation could be laid at a new trial. While the Court has the authority to consider on appeal an issue not preserved, it is incumbent on it to afford the litigant struck down an opportunity on remand to remedy the defect recognized on appeal, especially where it is apparent that could be done.

3. The error in striking the officer's testimony on the incorrect premise that the Michigan Vehicle Code prevented use of the accident report to refresh his memory was not harmless. The issue was whether the bus driver was negligent in failing to have the bus under control, and the police accident report

contained statements by the driver concerning icy road conditions and the speed at which he drove the bus which differed from his testimony at trial. Had the evidence of the report been admitted, the judge might have reached a different decision on the bus driver's credibility and have concluded that the plaintiff had produced sufficient evidence to preponderate.

4. Although the report contains the statement of a witness, and both the report and the witness's statement are hearsay, the report may, nevertheless, be admissible if exceptions to the hearsay rule apply to each link of the multiple hearsay. The accident report in this case would be admissible under the exception to the hearsay rule for past recollection recorded if the statement of the bus driver is within another exception to the hearsay rule, *e.g.,* an admission by an agent.

Affirmed.

### OPINION OF THE COURT

1. EVIDENCE—POLICE ACCIDENT REPORT—REFRESHING RECOLLECTION.

Testimony by a police officer reading from a copy of his accident report for the purpose of refreshing his memory was not admissible where the court found that the officer had no present recollection of the accident, the report was not the original memorandum, and the report was not offered or admitted into evidence.

2. EVIDENCE—POLICE ACCIDENT REPORT—PAST RECOLLECTION RECORDED.

Testimony by a police officer reading from a copy of his accident report would not have been admissible if it had been offered as past recollection recorded because there was no proper foundation laid where there was no showing that the copy was the original memorandum in the officer's own handwriting, the officer made the report from personal observation or prepared it contemporaneously with the accident.

3. NEGLIGENCE—INFERENCES—SUFFICIENCY OF EVIDENCE.

A finding in a suit for damages for injuries to a plaintiff passenger that a bus driver was not negligent was not clearly erroneous, even assuming that an inference of negligence may be raised solely upon testimony by the plaintiff, where the trier of fact correctly weighed the competent evidence and considered the driver to be a more credible witness than the plaintiff, whose testimony was generally confused and indefinite as to the events of the accident.

4. Evidence—Automobile Accident—Reports—Admissibility—Statutes.

The provision of the Michigan Vehicle Code prohibiting the use in any court action of the accident reports required by that statute refers to the report required to be made by a driver involved in an accident resulting in injury, or death, or property damage exceeding $200, and not to notes or reports made by an investigating police officer (MCL 257.624; MSA 9.2324).

Concurring Opinion

Kavanagh, C. J.

5. Evidence—Foundation—Appeal and Error.

*A trial court did not commit reversible error by striking testimony of a police officer concerning an accident report which he made where a proper foundation had not been laid even though the trial court expressed a misunderstanding concerning the statute which excludes certain accident reports from evidence and would have erroneously excluded the testimony even if properly founded on account of his misunderstanding (MCL 257.622, 257.624; MSA 9.2322, 9.2324).*

Dissenting Opinion

Williams and Levin, JJ.

See headnote 4.

6. Evidence—Memorandum—Past Recollection Recorded.

*A precondition to the admission of a memorandum as past recollection recorded is that the witness cannot refresh his recollection on reading the memorandum.*

7. Evidence—Accident Report—Past Recollection Recorded.

*An accident report prepared by a witness who cannot recall the contents of the report and whose recollection cannot be refreshed by reference to it is admissible in evidence as past recollection recorded if a proper foundation is laid.*

8. Evidence—Past Recollection Recorded—Present Memory Refreshed—Offer of Proof.

*There was no reason for an attorney to make an offer of proof of testimony as past recollection recorded, which is inconsistent with present memory refreshed, the basis on which the testimony had been received into evidence, where there was no objection or ruling that the witness's recollection was not refreshed.*

9. EVIDENCE—HEARSAY—EXCEPTIONS.

*Although a police accident report contains the statement of a witness to an accident, and both the report and the statement are hearsay, the report may, nevertheless, be admissible; where there is multiple hearsay, if exceptions to the hearsay rule* (e.g., *an admission by an agent, excited utterance, declaration against interest) apply to each link, the statements are admissible.*

*Posner, Posner & Posner* for plaintiff.

*Kermit G. Bailer,* Corporation Counsel, and *Jack F. Weiss,* Assistant Corporation Counsel, for defendant.

COLEMAN, J. The parties propose two dispositive issues:[1]

1. Did the trial court err in refusing to consider the police officer's testimony regarding the contents of the police report on the issue of negligence?

2. Did the trial judge err in ruling that the facts did not support a finding of negligence on behalf of the bus driver?

We find that the judge did not err in either instance and therefore affirm the Court of Appeals.

## I—FACTS

The appeal revolves around the testimony of three persons—plaintiff, the bus driver and a police officer.

Plaintiff testified that on January 7, 1968 she was a passenger on a bus operated by defendant. She stated that the weather conditions included "sleeting and snowing and raining". When her attorney asked about the incident, she replied:

[1] A third issue presupposes judicial error.

"*A.* Well, this bus driver—all I know, when I knowed anything, I was on the aisle in the bus, but what happened I don't know.

"*Q.* You don't know?

"*A.* No, I don't.

"*Q.* Now, do you know what speed the bus was driving at?

"*A.* No, I don't.

"*Q.* Do you know whether he was driving slow, medium or fast?

"*A.* He was driving kinda fast, but I don't know how many miles he was going though."

After further questioning, counsel elicited testimony that the bus was "going wigwag", that she fell from her seat and that the bus drove up and stopped on the shoulder of the street.

On cross-examination plaintiff could not recall the name of the street where the accident occurred, distance of the accident from the corner, or the lane in which it happened. It was revealed that the bus had stopped several times prior to the accident without incident. Plaintiff also indicated, contradicting earlier testimony, that the bus was traveling south on Beaubien.

Plaintiff's attorney next introduced testimony from the police officer investigating the accident. The officer had a photostatic copy of the accident report and defendant objected to the testimony because the officer did not have the original. Plaintiff's attorney stated: "I am not introducing the original. He can refresh his memory from anything he wants." The trial court responded: "He can testify from memory as to what happened; whatever papers he has." The court further noted: "I don't know what it is. He can use anything that he did to refresh his memory." The officer indicated that he did not have any notes independent

of the accident report, but that the report was in his own handwriting.

During the ensuing examination of the police officer, it became apparent that he had no independent recollection of the events surrounding the accident. The trial court observed that the officer was able to give testimony only by direct reference to the report, and concluded that his present memory of the accident was exhausted. Because the report was neither offered nor admitted into evidence, and no other foundation was laid for its use, the trial court disregarded the officer's testimony.

The third portion of disputed testimony came from the bus driver. He testified that there was packed snow on the street, that he was traveling at 10 to 15 miles per hour, had made several stops without incident, and began to slow down preparing to stop for a traffic light one block ahead. There was no back and forth movement of the bus. The bus was in the curb lane and it touched the curb (but did not go over it). He applied the brakes, the bus traveled about five more feet and came to a stop on a dry spot. When the bus stopped, passengers brought to the driver's attention that a lady had fallen.

The trial court returned a judgment of no cause of action. In so holding, he found the bus driver to be a more credible witness than plaintiff:

"The testimony of Mrs. Moncrief is, at best, sketchy, it isn't her fault, she cannot remember the events of January 7, 1968. Not only can she not remember where she got on the bus, she cannot remember where it happened. I tried to find out when the bus swerved, how long before the accident it began to swerve. I couldn't, nor counsel, find out what she meant by 'too fast'.

"Her testimony is such that she simply says the bus

was going too fast. She testified it swerved back and forth and in the next breath she would say she didn't remember anything about it because she couldn't remember anything after she fell. I questioned her three different times and had to remind her that she testified last Thursday the bus had swerved, today she didn't know that.

\* \* \*

"I don't know if she knows what happened that day and it simply is the law that the plaintiff must prove the case, the defendant doesn't have to prove anything. The plaintiff has to prove the operator was driving at a speed inconsistent with that of a normal, ordinary, prudent person and I don't know if he was doing that or not because I don't think that her testimony is too reliable on other things."

In regard to negligence, the court stated:

"I don't believe there is any liability on the part of the defendant because I can't find negligence. I can't find that merely because an accident happened gives cause of negligence. The simple fact that a bus hit the curb does not make it negligence, that can happen."

Further, considering the driver's actions leading up to the stop, the court stated, "I don't know what more a man can do".

Plaintiff subsequently made a motion for new trial, which was granted by the trial court. The court later vacated the order for new trial, holding that there was no negligence and that the police officer's testimony and report were properly excluded. The Court of Appeals affirmed and this Court granted leave to appeal.

## II—Police Report

There has been much confusion in this state

regarding the use of police accident reports as evidence in trial.

To maintain perspective, it is necessary to review some "first principles". Because police reports are generally offered to prove the truth of their contents, their use as evidence at trial constitutes hearsay. Therefore, before they may be admitted into evidence, read into the record, or read to the fact finder by a witness in the course of his testimony, the proponent of the evidence must lay a foundation which establishes an exception to the hearsay rule.

The police report is a writing. It could be admitted into evidence as an exhibit if the proponent can show that it meets the requirements of the business records exception. However, because of the "nature" of police business and the circumstances under which such reports are usually made, the possibility of police reports so qualifying is unlikely.[2] Nevertheless, the report could be received into evidence if the proponent is able to demonstrate that the report constitutes its author's past recollection recorded. We reviewed the requirements of this hearsay exception in *Jaxon v Detroit,* 379 Mich 405, 413; 151 NW2d 813 (1967), a case dealing with the use of police accident reports at trial.

"To qualify a writing otherwise objectionable as hearsay to be admitted in evidence as a past recollection recorded, a proper foundation must be laid. That foundation should consist in the following: (a) a showing that the witness has no present recollection of the facts, (b) a showing that the witness' memory is not refreshed upon reference to the document, (c) a showing that the document is an original memorandum made by the

---

[2] *See Palmer v Hoffman,* 318 US 109; 63 S Ct 477; 87 L Ed 645 (1943); McCormick, Evidence (2d ed), § 308.

witness from personal observation, (d) a showing that the document was prepared by the witness contemporaneously with the event and was an accurate recording of the occurrence and, (e) a showing that the substance of the proffered writing is otherwise admissible."

In this case, the first element was adequately established in the record but the report was purportedly a photostat of one in the officer's own handwriting which plaintiff's counsel said he was not introducing into evidence but using to refresh the officer's memory. Also there was no attempt by plaintiff's counsel to show that the document was made by the witness from personal observation or was prepared contemporaneously with the event and based on his personal knowledge rather than, for example, statements of bystanders or witnesses. The report would not have been admissible if plaintiff would have offered it as past recollection recorded because no adequate foundation was laid.

Finally, the report could have been properly used by the witness to refresh his recollection if the appropriate foundation was established. To permit the use of a writing in order to refresh the memory of a witness, the proponent must show: (1) that the witness's present memory is inadequate; (2) that the writing could refresh the witness's present memory; and (3) that reference to the writing actually does refresh the witness's present memory.[3] In this case, the trial court correctly found that the third element of this foundation was not established. The officer's reference to his report did not refresh his present memory. Further testimony based on the police report absent

[3] *People v Rodgers,* 388 Mich 513, 519; 201 NW2d 621, 624 (1972); McCormick, Evidence (2d ed), § 9.

its qualification as an item of evidence as set forth above was properly disregarded by the trial court.

We mention in passing that MCLA 257.622; MSA 9.2322 and MCLA 257.624; MSA 9.2324 have no application in this case. These statutes deal with reports by local police to the Director of State Police concerning accidents resulting in injury, death or property damage in excess of $200. These particular reports, commonly referred to as "red-line" reports, are made on forms supplied to the local police agencies by the state police, and include the investigating officer's opinion regarding the causes of the accident. The information is used for statistical purposes. The statute prohibits use of these reports in evidence. This statutory proscription, however, is confined to the reports mandated by the statute, and has no effect on the rules of evidence regarding the police officer's personal notes or the routine report, usually entitled "Motor Vehicle Accident Report", that the officer takes at the scene of the accident. Exclusion of an otherwise admissible police Motor Vehicle Accident Report, which is not a "red-line" report, on the basis of this statute, would be error.[4]

---

[4] In refusing to consider the officer's testimony, the trial court indicated that reference to the report failed to refresh the officer's recollection, and that use of this report was barred by the statute. Thus, the trial judge stated two reasons for his holding, one correct and the other erroneous. Whether we affirm a trial court which reaches the correct result for the wrong reason depends on the circumstances of the case. For example, it is generally stated that the overruling of a specific objection on an untenable ground will not be disturbed on appeal even if there was a tenable ground that could have been urged. Similarly, if a trial judge sustains a specific objection on an untenable ground, his ruling should be upheld if there was an unstated tenable ground unless it appears that the proponent of the evidence could have obviated the grounds for the true objection, if stated. See McCormick, Evidence (2d ed), § 52, pp 117–118 & fn 61.

In this case, plaintiff's counsel stated on two separate occasions that he did not want to offer the report into evidence. The trial judge's subsequent erroneous application of the statute was, therefore, inconsequential, especially because he also correctly found that one of the

In this case, however, neither use of the report by the police officer to refresh his present recollection, nor its receipt by the court as an item of evidence had it been so offered, would have been proper because of the absence of proper foundation for either purpose.

We hold that the trial court did not err in refusing to consider the police officer's testimony regarding the contents of the police report on the issue of negligence.

## III—Negligence

Plaintiff argues that the trial court erred in not holding the bus driver negligent. Plaintiff argues that Michigan has a version of *res ipsa loquitur* (although it is not acknowledged by that name) which would compel a presumption of negligence on the instant facts.

In *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959), the Court recognized a loosely defined version of the *res ipsa loquitur* doctrine. It held that plaintiff's testimony raised an inference of defendant's negligence. In *Gadde v Michigan Consolidated Gas Co,* 377 Mich 117, 123–124; 139 NW2d 722 (1966), the Court recognized the uncertainty of the adoption of *res ipsa loquitur:* "Whether Michigan has or has not a doctrine of *res ipsa loquitur,* in spite of many attempts to clarify the situation, continues to perplex the legal profession."

The doctrine, if applicable, may raise an inference of negligence solely upon plaintiff's testimony. However, the defendant may "attempt to explain away or avoid, if he can, the inference of

foundational prerequisites for the use of the report to refresh recollection was lacking.

negligence". *Mitcham, supra,* at 192. The trial court must then weigh the evidence. After finding that plaintiff's testimony raised an inference of defendant's negligence, the *Mitcham* Court examined defendant's proofs trying to avoid the inference. The question was held to be for the fact finder.

It is not necessary to decide whether Michigan law has the doctrine of *res ipsa loquitur.* The *Gadde* Court expertly characterized Michigan's position:

"Formal adoption of the doctrine of *res ipsa loquitur,* whomsoever's version might be chosen, would add little to the jurisprudence of this State or to the attainment of justice. This is not to in any way overrule our past decisions or to say that in some cases, even possibly this one, the facts will not permit nice, neat, classification under this or that version of the doctrine. Whether they do is not the consequential issue. The doctrine is merely an uncertain blend of more fundamental concepts of law. Our concern is with the proper application of such concepts from the larger fields of negligence and evidence.

                    *     *     *

"So here, the traditional concepts of the law of negligence and of evidence need not be refined and compartmentalized. If the decisions of this Court are applied, not in terms of dispute over a rule or doctrine but under the general law of negligence and evidence, the problems presented by a given case will be resolved."

Even assuming that the doctrine by whatever name is appropriately applied in the instant case to raise an inference of negligence by the bus driver, the trial court (as the trier of fact) correctly weighed the evidence and found defendant not negligent. The trial court considered all of the competent evidence. In finding the bus driver not

negligent, the court considered the driver to be a more credible witness than plaintiff.

Plaintiff's testimony was generally confused and indefinite. She repeatedly answered, "I don't know" when questioned about speed of the bus, name of the street, distance of the accident from the corner and the lane in which the bus was driving. She testified at one time that the bus swerved but later had to be reminded of her testimony. She could not say at what point it allegedly swerved. Plaintiff's testimony on the weather conditions did not agree with the weather report for that day. On the other hand, testimony from the bus driver, as summarized in part I of this opinion, was specific and clear. The trial court correctly found that the bus driver was not negligent. We cannot find that the trial court was clearly in error. GCR 1963, 859(2).

The Court of Appeals is affirmed.

### Addendum

### November 22, 1976

In part II, Justice Levin states: "My colleague, therefore, is mistaken in saying that 'the trial court correctly found' that reference to the report did not refresh the witness' present memory". To the contrary, the police officer inspected his memorandum, and short of reading it, could not independently recollect the facts it contained.

In speaking of the police officer, the court said:

"He has before him notes he made himself. He has testified they are to refresh his recollection of that day. * * * He can use the notes to refresh the actual words he must put down on the record. He is looking at the notes he took in his own handwriting."

After many questions were asked, it became apparent that the officer remembered nothing of substance even with the memo to refresh his memory, leading the court to say:

"It is obvious upon reflection of the testimony of the officer he has no independent recollection of the events of the day."

The judge's conclusion was not so artfully phrased as might have been but just as unambiguous:

"He [the police officer] doesn't have any idea about anything that occurred. He could not answer any questions by defense counsel about where the bus was, how far it skidded, if he knew it skidded, and from whom he found that out.

*   *   *

"He didn't know anything about it, himself, in fact, whenever defense counsel was holding the memorandum [police report] he didn't know anything about it."

Although an argument is also made in part II regarding the bases for admitting into evidence a police report as "past recollection recorded", the fact is that the report itself was not offered in evidence. Plaintiff's complaints revolve around exclusion of the officer's testimony.

It is difficult to understand how Justice Levin can conclude that the issue of the use of the police report for purposes of testifying is not before the Court. Plaintiff's application for leave to appeal argued that the trial court improperly struck from the record the testimony of the police officer. Plaintiff-appellant's argument I as it appears in her brief is:

"The court committed error in excluding all the

testimony of the police officer who came to the scene, made a report of the accident, and used this report in testifying as to physical facts observed by him and admissions made to him by the bus driver at the scene of the accident."

Plaintiff proceeds to argue the concept of "past recollection refreshed", which theory is vital to the issue. The judge found that, short of reading the report, the officer could testify to virtually nothing. He had no memory of the details to be refreshed. The report itself was not offered in evidence.

There was no need to discuss the question of the bus driver's statement at the scene as an "admission" by his employer. The officer could not remember it and the bus driver testified personally.[5]

It is not jurisprudentially sound to determine by hindsight what counsel possibly could have done at the initial trial and remand to allow a different trial strategy or a correction of an error of omission by plaintiff, if that by chance were the case.

We must hear the case before us, not the case that "might have been".

Affirm.

Fitzgerald, Lindemer, and Ryan, JJ., concurred with Coleman, J.

Kavanagh, C. J. *(for affirmance).* I agree with Justice Levin that the testimony of the police officer could have been admitted if a proper foundation had been laid. I will concede on this record

---

[5] Much is made of the fact that the admission of the accident report (which was not offered by plaintiff) would have revealed that the bus driver told the officer he had "slipped on a patch of ice" instead of "packed snow" as the bus driver had stated at trial. The temperature had ranged from 11° to -3° that day and it had snowed—but the significance of the argument is elusive.

that the trial judge here without question would have erroneously excluded the testimony even if properly founded on account of his expressed mis-understanding.

I do not agree, however, that it was error to grant the motion to strike this footless evidence. Finding no error, I would affirm.

LEVIN, J. The plaintiff, Mrs. Willie Moncrief, was injured when a DSR bus stopped and she fell to the floor. The trial judge, hearing the case without a jury, found no cause for action.

The judge struck the testimony of the police officer who investigated the accident on the ground that it was based on his written report of the accident and the statute[1] provides that such a report is not "available for use in any court action".

We agree that in so ruling the judge erred. As my colleague states, the statute "has no effect on the rules of evidence regarding the police officer's personal notes or the routine report, usually enti-

---

[1] "The reports required by this chapter shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents." MCLA 257.624; MSA 9.2324.

The accident reports required "by this chapter" are required of drivers *(see* fn 5 and accompanying text):

"The driver of every motor vehicle involved in an accident resulting in injury or death of any person or total damage to all property to an apparent extent of $200.00 or more shall forthwith report such accident to the nearest or most convenient police station or police officer. The officer receiving such report or his commanding officer shall forthwith forward each individual report to the director of state police on forms prescribed by him which shall be completed in full by the investigating officer. The director of state police shall analyze each report relative to the cause of the reported accident and shall prepare for public use the information compiled from the reports. A copy of the report required under sections 621 and 622 of this act shall be retained for at least 3 years at the local police or sheriff's department or local state police post making the report." MCLA 257.622; MSA 9.2322.

tled 'Motor Vehicle Accident Report', that the
officer takes at the scene of the accident".

My colleague nevertheless would affirm on the
ground that the officer's testimony was inadmissi-
ble because he had no present recollection of the
accident, his memory was not refreshed on reading
the accident report and a proper foundation for
admission of the report itself under the hearsay
exception for past recollection recorded was not
laid.

The record supports the conclusion that the
officer's memory was not refreshed on reading the
accident report. His testimony was, however, re-
ceived in evidence as present recollection refreshed
without objection by the DSR's lawyer or ruling by
the judge that his recollection was not refreshed.

A precondition to the admission of a memoran-
dum as past recollection recorded is that the wit-
ness cannot refresh his recollection on reading it.[2]
There was no reason for Mrs. Moncrief's lawyer to
make an offer of proof inconsistent with the basis
on which the officer's testimony had been received
in evidence without pertinent objection or ruling.
Even if the offer had been made, it is apparent
that the judge would have refused to admit the
report itself because of his mistaken view that the
statute barred use of the report.

[2] "To qualify a writing otherwise objectionable as hearsay to be
admitted in evidence as a past recollection recorded, a proper founda-
tion must be laid. That foundation should consist in the following: (a)
a showing that the witness has no present recollection of the facts, (b)
a showing that the witness' memory is not refreshed upon reference
to the document, (c) a showing that the document is an original
memorandum made by the witness from personal observation, (d) a
showing that the document was prepared by the witness contempora-
neously with the event and was an accurate recording of the occur-
rence and, (e) a showing that the substance of the proffered writing is
otherwise admissible." *Jaxon v Detroit,* 379 Mich 405, 413; 151 NW2d
813 (1967).

Similarly, *see People v Rodgers,* 388 Mich 513; 201 NW2d 621
(1972).

The judgment cannot be affirmed on the ground that the right result was reached for the wrong reason. The reason relied on by my colleague for rejection of the officer's testimony was not raised in the trial court. Mrs. Moncrief could properly rely on the receipt in evidence, without pertinent objection or ruling, of the officer's testimony as present recollection refreshed. She has had no opportunity to respond in the trial court to the deficiency noted on appeal that the officer's recollection was not refreshed. It appears that a proper foundation for the admission of the accident report as past recollection recorded could be laid[3] at a new trial and she is, therefore, entitled to a new trial.

I

We agree that the statute does not bar from evidence either an accident report prepared by an investigating police officer or his testimony based on the report.

The provision of the Motor Vehicle Code precluding the "use in any court action" of accident "reports required by this chapter"[4] refers to the report required of a driver involved in an accident resulting in injury or death or property damage

---

[3] The criteria for admissibility are set forth in *Jaxon v Detroit, supra.*

In this case the judge ruled that the officer had no present recollection. My colleague concludes that the officer's memory was not refreshed on reading the report, and the record supports that conclusion. The officer, appearing in response to a subpoena, produced a photocopy made in his presence of the original report he prepared on the basis of his investigation. *See* MCLA 600.2146, 600.2147; MSA 27A.2146, 27A.2147; McCormick on Evidence (2d ed), § 236, p 569; *Myrick v United States,* 332 F2d 279, 282 (CA 5, 1964). The report was made contemporaneously and was regarded by the officer as an accurate record of what occurred.

[4] *See* fn 1, *supra.*

exceeding $200, and not to "notes or report" made by an investigating police officer.

In *Wallace v Skrzycki*, 338 Mich 164, 174, 177; 61 NW2d 106 (1953), after a review of earlier cases, this Court said that "the statute * * * does not bar a police officer from testifying concerning physical facts observed by him or admissions made to him by drivers of vehicles at the scene of an accident and * * * police reports of accidents are not barred by the statute for use as evidence or refreshing a witness's recollection."[5]

In *Jaxon v Detroit*, 379 Mich 405; 151 NW2d 813 (1967), this Court indicated that an accident report prepared by a witness who cannot recall the contents of the report and whose recollection cannot be refreshed by reference to it would be admissible in evidence as past recollection recorded if a proper foundation is laid.[6]

---

[5] "PA 1949, No 300, § 624 (CL 1948, § 257.624 [Stat Ann 1952 Rev § 9.2324]), makes unavailable for use in any court action 'the reports required by this chapter,' being chapter 6, Michigan vehicle code, PA 1949, No 300. The reports required in that chapter are those to be made by drivers of vehicles involved in accidents and by garage keepers under certain circumstances. The chapter contains no requirement that reports of accidents be made by police officers as such. The only duty imposed upon police officers in this connection is the requirement, contained in PA 1949, No 300, §§ 621, 622 (CL 1948, §§ 257.621, 257.622 [Stat Ann 1952 Rev §§ 9.2321, 9.2322]), that officers receiving the aforementioned reports shall 'forward the same to the commissioner of State police on forms to be prescribed by him.' Accordingly, the bar to use in any court action provided in PA 1949, No 300, § 624 (CL 1948, § 257.624 [Stat Ann 1952 Rev § 9.2324]), has no application to the notes or reports made, as in the instant case, by the investigating police officer." *Wallace v Skrzycki*, 338 Mich 164, 173–174; 61 NW2d 106 (1953).

Similarly, *see Jaxon v Detroit, supra,* pp 412–413:

"The statutory exemption refers only to reports required under 'this chapter.' The only persons required to make reports under the statute are drivers of vehicles and persons in charge of garages or repair shops. The statute does not refer to any report by a police officer to his superiors."

[6] The Court said that "a statement would not have been unavailable as evidence by reason of the statute", but was not admissible in the case under consideration because of the failure to lay a proper foundation.

## II

If a witness recalls the event without the aid of a memorandum he can testify on the basis of his "present recollection". If he has no independent recollection and his memory can be refreshed upon reference to a memorandum or, indeed, anything else, he may testify on the basis of his "present recollection revived". If his recollection cannot be revived, and the other preconditions to admissibility are satisfied (see fn 2), a memorandum of the event may be admissible as "past recollection recorded".

The investigating police officer testified about the driving conditions and statements made by the bus driver shortly after the accident. On direct examination the officer said that he had refreshed his recollection on reading his report of the accident. On cross-examination, however, it became apparent that his memory was not refreshed.[7]

---

[7] Immediately after his objection on another ground *(see* fn 9, *infra)* was overruled, the DSR's lawyer objected that the officer was reading. The judge responded:

"He has before him notes he made himself. He has testified that they are to refresh his recollection of that day. He remembers that day himself. He can use the notes to refresh the actual words he must put down on the record. He is looking at the notes he took in his own handwriting that day."

On cross-examination the officer was asked: "Do you have any independent recollection other than this paper?" He responded, "I have a—I can remember making that particular report. I remember concerning the lady that fell. I believe it was the rear of the bus."

The matter was not pursued and no motion to strike or objection to his continued testimony was made. When the officer was asked: "Do you recall from your memory or otherwise in which lane the bus was traveling?" the following occurred:

*"The Court:* He can use his notes to refresh his recollection if they will help him any.

*"Mr. Weiss [DSR lawyer]:* You want that to refresh your recollection?"

The DSR's lawyer then handed the report to the police officer who proceeded to testify. There was no objection or motion to strike.

Later it was brought out that the officer did not have an "indepen-

The DSR's lawyer at no time objected to the officer's testimony on the ground that his recollection had not been refreshed; indeed, he assisted the effort to use the report to refresh the officer's recollection.[8] His objection on direct examination was "on the grounds that anything the bus driver said at that time was beyond the scope of his duty and is not admissible". When the officer's testimony was concluded, a motion to strike was made on the same ground.[9]

After the noon recess, the judge ruled, based on his erroneous reading of the statute, that the officer's testimony was inadmissible and it was stricken. The judge did not reach the ground of the DSR's lawyer's objection that the driver's admission was not binding on the DSR. Nor did he say that the officer's recollection had not been refreshed. The judge said, rather, that the officer had no present unrefreshed recollection and that his testimony refreshed by the accident report was inadmissible because the statute barred use of the report.[10] My colleague, therefore, is mistaken in

dent recollection" of actually seeing ice on the roadway or whether it was snowing. He did not recall the conversation with the bus driver. Again there was no objection or motion to strike.

[8] *See* fn 7, *supra.*

[9] The DSR lawyer amplified, "[t]hey are unauthorized statements".

At the conclusion of the officer's testimony, a motion to strike was made on that ground, citing *Hyatt v Leonard Storage Co,* 196 Mich 337; 162 NW 951 (1917).

Immediately before the judge struck the officer's testimony, he asked the DSR's lawyer the ground of his objection. He responded, "on the grounds that the bus driver is not authorized".

*See* fn 16, *infra.*

[10] While the judge said that the officer had no "independent recollection" or "present recollection", he indicated that the problem was not that the officer's recollection had not been refreshed but, rather, that he had no present recollection and his recollection had been refreshed from the inadmissible memorandum:

"The problem is a double problem involving the past recollections *refreshed* and present recollections, 'If you know.'

"His recollections can be *refreshed* if it is in his own handwriting.

saying that "the trial court correctly found" that reference to the report did not refresh the witness' present memory.[11] The judge never reached that question; he would have been correct if he had so found.

My colleague overlooks the failure of the DSR's lawyer to object and of the judge to rule that the officer's recollection was not refreshed, the error of the judge in ruling that testimony based on an accident report is inadmissible, and holds against Mrs. Moncrief on the ground that her lawyer did not, anticipating the deficiency noticed on appeal, lay a foundation and make a futile offer of the report itself.[12]

---

That doesn't apply when the document is barred from evidence by a statute." (Emphasis added.)

The judge appears to have used the term "present recollections" as meaning unrefreshed present recollection; refreshed memory (present recollection revived) being referred to as "past recollections refreshed". He ruled:

"In any event, it seems to me on the basis of the provision against the admission of the accident report, itself, it would be error for me to allow in evidence the statements made by the officer.

"He had no *present recollection* of the events at all or the speed or where he got it from. And so, on that basis, all the testimony of the officer is not received in evidence and will be disregarded by this court." (Emphasis added.)

[11] The judge's statements:

"It is obvious upon reflection of the testimony of the officer he has no independent recollection of the events of that day, do you both agree on that? * * *

"He doesn't have any idea about anything that occurred. He could not answer any questions by defense counsel about where the bus was, how far it skidded, if he knew it skidded, and from whom he found that out. * * *

"He didn't know anything about it, himself, in fact, whenever defense counsel was holding the memorandum he didn't know anything about it. On that basis, the objection was not made. The objection was made on different grounds," were in explanation of his conclusion that the officer's testimony should be excluded because it was based on the accident report he ruled inadmissible and does not support the Court's statement that the judge "correctly found that the third element of this foundation ["(3) that reference to the writing actually does refresh the witness's present memory"] was not established. The officer's reference to his report did not refresh his present memory."

[12] It is evident that if Mrs. Moncrief's lawyer had laid a proper

If the accident report had been offered as past

foundation and moved to admit the memorandum, the judge would have ruled the memorandum inadmissible.

The following is the complete text of the post-recess colloquy:

"*The Court:* Before we begin, I would like to have your objection to the testimony. Your objection was on what grounds?

"*Mr. Weiss [Attorney for Defendant]:* On the grounds that the bus driver is not authorized.

"*The Court:* I'm talking about the police officer's testimony.

"*Mr. Weiss:* That is what I am objecting to. That he was testifying as to certain statements allegedly made by the bus driver and it was improperly received as such.

"*The Court:* First of all, you are both aware that the accident report cannot be in evidence.

"*Mr. Weiss:* That is correct.

"*The Court:* It is obvious upon reflection of the testimony of the officer he has no independent recollection of the events of that day; do you both agree on that?

"*Mr. Posner [Attorney for Plaintiff]:* He said that he remembers the accident. He remembers going down there but he doesn't have an independent recollection of talking to him; just what happened. He remembers the accident.

"He remembers he was called to the place and there was an accident.

"*The Court:* He doesn't have any idea about anything that occurred. He could not answer any questions by defense counsel about where the bus was, how far it skidded, if he knew it skidded, and from whom he found that out.

"The problem is a double problem involving the past recollections refreshed and present recollections, 'If you know.'

"His recollections can be refreshed if it is in his own handwriting. That doesn't apply when the document is barred from evidence by a statute.

"It cannot be admitted if a jury is in progress. The rules are a little more relaxed when the judge is here.

"If the jury were here it would be a violation of the statutory provisions set up by the legislation.

"He didn't know anything about it, himself, in fact, whenever defense counsel was holding the memorandum he didn't know anything about it. On that basis, the objection was not made. The objection was made on different grounds.

"During the lunch hour, I was able to read a couple of cases. In any event, it seems to me on the basis of the provision against the admission of the accident report, itself, it would be error for me to allow in evidence the statements made by the officer.

"He had no present recollection of the events at all or the speed or where he got it from. And so, on that basis, all the testimony of the officer is not received in evidence and will be disregarded by this court."

recollection recorded, it is apparent that the judge would have refused to admit it in evidence because of his misunderstanding of the statute. The judge understood the statute to provide "against admission of the accident report, itself."[13]

The officer's testimony was at first received in evidence without pertinent objection or ruling that his recollection had not been refreshed. A memorandum is not admissible as past recollection recorded if the witness can, on examination of the memorandum, testify from present recollection refreshed. Mrs. Moncrief's lawyer cannot be faulted for failing to make an offer of proof inconsistent with the basis on which the officer's testimony had been received in evidence.

My colleague writes that "there was no attempt by plaintiff's counsel to show that the document was made by the witness from personal observation or was prepared contemporaneously with the event and based on his personal knowledge rather than, for example, statements of bystanders or witnesses. The report would not have been admissible if plaintiff would have offered it as past recollection recorded because no adequate foundation was laid."

It appears that the officer wrote the report at the scene on a Detroit Police Department motor vehicle accident report form.

The report contains the officer's personal observation that "the road surface was ice".

It also contains the statement of a witness, the DSR driver, that he was "driving at an estimated speed of 20 to 25" miles per hour and "slid on a patch of ice and a passenger from a seat slid on the floor."

Although the report contains the statement of a

---

[13] See fns 10 and 11, supra.

Dissenting Opinion by Levin, J.

witness and both the report and his statement are hearsay—there is "double hearsay"—the report may, nevertheless, be admissible. Where there is multiple hearsay, or "hearsay within hearsay", each separate hearsay link is examined. If hearsay exceptions apply to each link, then the evidence is admissible.[14] Thus, while statements of bystanders or other witnesses to police officers at the scene of an accident are ordinarily not admissible,[15] if the statements fall within another exception (e.g., an admission, excited utterance, declaration against interest) they are admissible.[16]

The accident report in the instant case would be

[14] *Felice v Long Island R Co,* 426 F2d 192, 197 (CA 2, 1970), *cert den,* 400 US 820; 91 S Ct 37; 27 L Ed 2d 47 (1970).

Rule 805 of the Federal Rules of Evidence codifies this common-law principle:

"The problem of multiple hearsay arises most frequently with respect to hospital records, police reports or other business records when the entrant has no personal knowledge of the underlying event and has based his entry on information supplied by someone else. If the statement of the person who furnished the information independently qualifies as a hearsay exception, Rule 805 would make the record admissible."

"Rule 805 is in accord with other codifications. The same result could be achieved even in the absence of a rule, but the explicit statement may be useful in focusing the courts' attention on a problem they have sometimes failed to analyze adequately." 4 Weinstein's Evidence, ¶ 805[02], pp 805-2 to 805-3.

*See also* Advisory Committee Notes, FR Ev 805:

"On principle it scarcely seems open to doubt that the hearsay rule should not call for exclusion of a hearsay statement which includes a further hearsay statement when both conform to the requirements of a hearsay exception. Thus a hospital record might contain an entry of the patient's age based on information furnished by his wife. The hospital record would qualify as a regular entry except that the person who furnished the information was not acting in the routine of the business. However, her statement independently qualifies as a statement of pedigree (if she is unavailable) or as a statement made for purposes of diagnosis or treatment, and hence each link in the chain falls under sufficient assurances. Or, further to illustrate, a dying declaration may incorporate a declaration against interest by another declarant. *See* McCormick § 290, p 611."

[15] McCormick on Evidence (1st ed), § 286, pp 602–603; *Johnson v Lutz,* 253 NY 124; 170 NE 517 (1930).

[16] Investigating police officers have been permitted to read, under the exception for past recollection recorded, notes made by them or

admissible under the exception for past recollection recorded if the statement of the driver is within another exception to the hearsay rule, *e.g.*, an admission by an agent.

The issue of jurisprudential significance presented by this case is whether the bus driver's statement ten minutes after the accident may be received in evidence as an admission by his employer, the DSR.[17] My colleague does not reach that question, noticing on appeal an issue not

under their supervision of statements made by the accused person to the officer. *Jordan v People,* 151 Colo 133; 376 P2d 699 (1962); *Lay v State,* 461 P2d 1021, 1022–1023 (Okla Cr App, 1969). *See, also, People v Rodgers,* 388 Mich 513; 201 NW2d 621 (1972) (dictum that on a proper foundation a police officer could read his notes of a conversation with the accused).

[17] The DSR's lawyer objected *(see* fn 9 and accompanying text) to the testimony of the police officer on the ground that the bus driver had no authority to bind the DSR by a declaration as to a past event. *See Hyatt v Leonard Storage Co, supra,* p 344; *Kalamazoo Yellow Cab Co v Kalamazoo Circuit Judge,* 363 Mich 384; 109 NW2d 821 (1961); *Gorman v McCleaf,* 369 Mich 237; 119 NW2d 636 (1963). The trial judge did not rule on that objection.

In *Gorman* the Court said:

"A statement in the nature of an admission by an employee is not admissible as to the employer so as to bind the employer, unless it is part of the *res gestae* or unless authorized by the employer or made within the scope of the employment." 369 Mich at 241.

The Court concluded that a statement would not be part of the *res gestae* where it could only be said that it was made either the day of the accident or the day after. In this case, the statement was made approximately ten minutes after the accident.

In *Kalamazoo Yellow Cab,* where the Court concluded that an accident report made to a cab company by its driver could be used for impeachment purposes only, absent a showing that it was otherwise admissible, the Court noted in a footnote that the limitation on the use of an agent's declaration as to a past event was of doubtful validity.

"Why the merger of identification (and *a priori* the veracity of the statements) should be less complete when the agent is authorized only to act for his principal and the statement is made incident to his performance of an authorized act, has caused legal scholars (and some courts) considerable difficulty." 363 Mich, fn at 387.

Absolute limitations on the admissibility of agent's statements have been criticized by the commentators. The authors of the current edition of McCormick on Evidence (2d ed), § 267, p 641, state:

"Probably the most frequent employment of this test is in the

preserved at the trial level,[18] and on the mistaken

exclusion of statements made by employees after an accident, to the
injured party, to a police officer, or to some bystander, about the
accident not made in furtherance of the employer's interest, but as a
'mere narrative'. This is the logical application of these tests, but the
assumption that the test for the master's responsibility for the agent's
*acts* should be the test for using the agent's statements as *evidence*
against the master is a shaky one. The rejection of such post-accident
statements coupled with the admission of the employee's testimony on
the stand is to prefer the weaker to the stronger evidence. The agent
is well informed about acts in the course of business, his statements
offered against the employer are normally against the employer's
interest, and while the employment continues, the employee is not
likely to make the statements unless they are true. Moreover, if the
admissibility of admissions is viewed as arising from the adversary
system, responsibility for statements of one's employee is a consistent
aspect. Accordingly, the trend is in the direction of broader admissi-
bility of admissions by agents, exemplified by the Model Code provi-
sion which lets in the agent's statement, if 'the declaration concerned
a matter within the scope' of the declarant's employment 'and was
made before the termination of the agency or employment.' Cases in
increasing number support this wider test. Its acceptance by courts
generally seems expedient." (Emphasis in original.)

The new Federal Rules of Evidence provide that a statement is not
hearsay and is admissible as an admission by a party opponent if
offered against a party and is "a statement by his agent or servant
concerning a matter within the scope of his agency or employment,
made during the existence of the relationship". FR Ev, § 801(d)(2).
The accompanying advisory committee note states: "A substantial
trend favors admitting statements related to a matter within the
scope of the agency or employment".

*See also* Comment, *Admissions of Agents,* 40 Mo L Rev 55, 62–63
(1975):

"Criticism of this rule of admissibility is generally premised on the
supposed lack of trustworthiness inherent in the agent's prior out-of-
court declaration. It is submitted that such criticism is largely un-
founded. Since the statement concerns an act within the authority of
the agent, it can rarely be claimed that he is unfamiliar with what
occurred. In light of the apparent unity of interest between principal
and agent in seeing that the authorized act is performed, exclusion of
the agent's statement would seem illogical. Admittedly, exclusion
under the hearsay rule may seem theoretically sound if we look only
to the physical absence of the principal at the time the statement was
made, yet the broad scope of the agency relationship itself lends
support to admitting the statement. Since the law deems the principal
constructively present for the agent's authorized acts, the same
theory should be applied to the agent's statements concerning those
acts."

[18] While it is sometimes said that an issue not preserved is "not
before the Court," I do not mean to suggest that it is beyond the
Court's prerogative to consider an issue not preserved at the trial

premises that the accident report does not contain personal observations of the officer and that a report containing the statement of a witness is necessarily inadmissible, even if that witness is a party or agent of a party.

## III

The judge's error in striking the officer's testimony on the ground that the statute barred use of the accident report to refresh his memory was not harmless.

If the evidence of the bus driver's statement to the investigating officer had been admitted, the judge may have reached a different decision on the bus driver's credibility[19] and may have concluded that Mrs. Moncrief had produced sufficient proof to preponderate: There was ice. The driver was proceeding at an immoderate speed in light of the road conditions. As a result of his negligence, the bus slid on a patch of ice causing Mrs. Moncrief to fall to the floor.

Mrs. Moncrief testified that it was sleeting and snowing. The bus driver "was driving kinda fast, but I don't know how many miles he was going though." The bus "was going wigwag, like that, real fast. He was driving fast." The driver drove up on the curb and she fell off the seat.

Mrs. Moncrief is an older woman suffering from a deterioration of the brain. Nevertheless, her

---

level. The Court clearly has the authority to do so. Where, however, the Court departs from the usual course of proceeding, it is incumbent on it to afford the litigant struck down by a dispensation extended another litigant an opportunity on remand to remedy the defect recognized on appeal, especially where it is apparent that given such an opportunity that could be done.

[19] My colleague states: "In finding the bus driver not negligent, the court considered the driver to be a more credible witness than plaintiff."

testimony was not confused or indefinite. Although she did not know the exact speed of the bus, in the judge's words, "she knew the bus was going too fast. She has been riding buses for 13 years."

The bus driver testified that it had snowed on the day of the accident "[e]nough to make the surface slippery". He did not assert that there was no ice: "My testimony is that I don't remember that there was any ice." He was traveling 15 miles per hour. He slowed down because of the road conditions. He did not swerve from side to side. He was going 10 miles an hour in the curb lane. When he "hit" the brakes the bus slid, hit the curb, slid about five feet and stopped at a dry spot. Mrs. Moncrief fell after the bus "slid off the curb and hit the dry pavement and stopped".

The stricken testimony of the officer was that the bus driver said he was driving at an "estimated speed of 20 to 25" miles per hour, "[h]e slid on a patch of ice and a passenger from a seat slid on the floor". The accident report showed that the officer observed that the "road surface was ice".

The cause of Mrs. Moncrief's injuries is not in dispute. The issue was whether the bus driver was negligent in failing to have the bus under control.[20] In resolving that issue it was important whether the road was slippery, as the driver testified, or icy

[20] The injured passenger does not have "the often impossible burden of pointing out by direct evidence on his main case the specific breach of duty by the carrier resulting in injury, especially where the carrier is in sole possession of the facts." *Mitcham v Detroit,* 355 Mich 182, 189; 94 NW2d 388 (1959).

"[T]he law does not place upon the passenger the burden of demonstrating the exact breach of duty committed by the carrier * * * . Negligence may be inferred from the surrounding facts and circumstances where they are such as to remove the case from surmise and conjecture and place it within the field of legitimate inferences deduced from the established facts." *Trent v Pontiac Transportation Co,* 281 Mich 586, 588; 275 NW 501 (1937). Similarly, *Durfey v Milligan,* 265 Mich 97, 100; 251 NW 356 (1933).

as he is reported to have told the officer and the officer himself observed, and whether the bus driver was driving at the speed he told the judge or at the higher speed he is reported to have told the officer.

The plaintiff might prevail on a new trial at which the error in excluding the officer's testimony is not repeated. I would reverse and remand for a new trial.

WILLIAMS, J., concurred with LEVIN, J.