HEKMAN BISCUIT CO., *for use and benefit of* ROYAL INDEMNITY CO., *v.* COMMERCIAL CREDIT CO.

1. APPEAL AND ERROR—NONJURY LAW CASES—FINDINGS OF COURT—PREPONDERANCE OF THE EVIDENCE.

In law cases tried before the court without a jury, the findings of the court will not be disturbed on appeal unless against the preponderance of the evidence.

2. AUTOMOBILES—IMPUTED CONTRIBUTORY NEGLIGENCE—FINDING OF COURT—EVIDENCE.

In action by subrogee of claim under the workmen's compensation act for death of an employee, court's finding that driver of car in which deceased was riding was guilty of imputable contributory negligence *held,* amply supported by record showing his approach to intersection of county roads from the north and entry into the intersection although, because of shrubbery, driver was unable to see to the east from which direction defendant's car approached.

3. MASTER AND SERVANT—RESPONDEAT SUPERIOR—EQUALLY DIVIDED COURT.

In action between subrogee under workmen's compensation act and alleged tortfeasor, where deceased employee to whose de-

pendents compensation was paid was a sales manager and in
a car owned and driven by a salesman on company business,
court is equally divided as to whether or not doctrine of
*respondeat superior* is involved.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 9, 1939. (Docket No. 52, Calendar No. 40,177.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Case by Hekman Biscuit Company, a Michigan corporation, for use and benefit of Royal Indemnity Company, a corporation, against Commercial Credit Company, a corporation, and Joseph Garceau for recovery of sums paid in compensation to widow of employee killed in an automobile accident at an intersection. Judgment for defendant. Plaintiff appeals. Affirmed.

*Russell Van Kovering,* for plaintiff.
*Travis, Merrick & Johnson,* for defendants.

McALLISTER, J.   Stephen Wierenga and Earl T. Rogers were employed by the Hekman Biscuit Company, Rogers as sales manager and Wierenga as a salesman. On July 18, 1935, they were riding in an automobile owned by Wierenga but being driven on the business of the company in Montcalm county. Wierenga was driving the car, while Rogers was directing him as to routes and towns where customers were to be called upon. They were traveling in a southerly direction on the Fishville road toward county highway No. 510, an east and west road, at a rate of speed, according to Wierenga, of about 35 miles per hour. As he approached the county highway, Wierenga testified that he reduced his speed to 25 miles per hour, and at another time he stated that he reduced it more than half. After looking to the

east and west, he proceeded into the intersection. When he had crossed over the first half of the county highway, his automobile was struck by a car coming from the east and driven by Joseph Garceau, an employee of the Commercial Credit Company. In the collision Rogers was killed. After the accident, it appeared from skid marks that Wierenga had applied his brakes about 25 feet before he had come into the intersection and apparently had released the brakes when within three or four feet of the highway. The accident occurred about 3:30 in the afternoon of a bright clear day. Both roads were of graveled surface and dry. At the northeast corner of the intersection, shrubbery, brush and willows grew to about the height of a car and boughed out over the road. Until they arrived in the intersection, it was impossible for Wierenga, coming from the north, to see Garceau approaching from the east; and, likewise, impossible for Garceau to see Wierenga approaching from the north. Wierenga testified that his car arrived at the intersection first. When the Wierenga car was struck it was driven a distance of about 25 feet to the south and west and was badly wrecked. There was testimony that Garceau shortly before the collision had been traveling at 50 miles per hour; other witnesses testified that both cars were traveling at about the same rate of speed. Wierenga testified that he would have to be right at the intersection to see 30 feet down the road to his left. The widow of Rogers elected to take benefit payments under the workmen's compensation act in lieu of suing Garceau and his employer. This action was brought by the Hekman Biscuit Company against Garceau and the Commercial Credit Company under a claimed right of subrogation to the rights of the dependents of deceased to bring such suit.

The case was tried without a jury and a judgment of no cause of action was entered by the trial court. In deciding the case, the court stated the following in the course of its findings:

"Now, the only question in this case is whether or not Wierenga, driving the plaintiff's car, was also guilty of negligence, and I am satisfied that he was. On his trip to this store on the north and south road at a point about a half mile north of this intersection—on his trip to this store he had been told by Mr. Rogers, his passenger, that that intersection was a bad corner. As he came from the store going south on this road, Wierenga could not help but appreciate that this bank of willows or brush absolutely obscured his vision as to any traffic coming from the east on the east and west road. He couldn't help but know it if he was watching what he was doing. He knew there was this east and west road. He knew there might be cars coming on it. It was his duty if he exercised the care that an ordinarily careful and prudent person is required to exercise, in spite of the fact that he may have had the right-of-way against other traffic on that east and west highway, attempting to cross the north and south highway, if they approached this intersection at about the same time. Notwithstanding, knowing from what had been told him beforehand that this was a bad crossing, knowing from his view of this brush that he could not see cars coming from the east, it was his duty to approach that intersection, and I say in spite of his right-of-way, with such care that he could stop his car if he had to, and that he didn't do. Now, it is idle to say or to bring in testimony that he had his brakes on at a point north of where these two roads met, where he couldn't see what was coming from the east; that was no time to have his brakes on or put his brakes on and expect to be in a position to stop if he had to. When he got to a place where he could see and where he should have seen what was coming, then his brakes were off. Now that is negligence and

it cannot be anything else. * * * He had a qualified right-of-way, not an absolute right-of-way in approaching this intersection.''

· It is the claim that the court erred in finding that Wierenga was guilty of contributory negligence. In law cases tried before the court without a jury, the findings of the court will not be disturbed unless against the preponderance of the evidence. On a review of the record, we are of the opinion that the findings were amply supported by the evidence, and we find no error therein.

Plaintiff, however, contends that Rogers was a fellow servant of Wierenga and that the negligence of one fellow servant cannot be imputed to another; and asks this court to reverse the rule in such cases that has heretofore been followed in this State. See annotation 90 A. L. R. 631. We find it unnecessary to consider the proposition of the imputation of negligence to a fellow servant, as this case is controlled by the rule of liability of a master for the acts of his servant.

A master is responsible for the negligence of his employee. *Murphy* v. *Kuhartz,* 244 Mich. 54; 18 R. C. L. p. 775. Under the doctrine of *respondeat superior,* the negligence of an employee, arising out of acts done within the scope of his employment, is imputed to his employer. Wierenga's negligence would therefore be imputed to plaintiff herein. 20 R. C. L. p. 148. For the recovery by the employer of compensation paid under a right of subrogation to the rights of employees or their dependents, the plaintiff stands in the shoes of such parties. But such subrogation does not free the employer from the defense of contributory negligence of another employee causing the injury, which is imputed to the

employer.   See *Thornton Bros. Co.* v. *Reese,* 188 Minn. 5 (246 N. W. 527).

Judgment of no cause of action affirmed, with costs to defendants.

SHARPE, POTTER, and CHANDLER, JJ., concurred with McALLISTER, J.

WIEST, J. (*concurring*).   I concur in the result on the ground that the contributory negligence of the driver of plaintiff's car, under the rule of imputed negligence, barred recovery against defendant.

I do not find the rule of *respondeat superior* involved in the case.

BUTZEL, C. J., and BUSHNELL and NORTH, JJ., concurred with WIEST, J.