CRAMER v. DETROIT EDISON CO.

1. ELECTRICITY — BARRIER POSTS — MENACE TO TRAVEL ON HIGHWAYS — ORNAMENTAL POLES ON PARKWAYS.

Electric light company had no duty to make three-foot barrier posts more distinct or advertise their presence about a foot inside of curb on center parkway of street on which it maintained an ornamental light pole under contract with city since the posts were on the parkway and not a menace to travel on the highway.

Care required of a traveler upon a highway, see 2 Restatement, Torts, § 474 and comment (b).

2. SAME — CONTRIBUTORY     NEGLIGENCE — AUTOMOBILES — BARRIER
    POSTS.

> In action by motorist against electric light company for injuries
> sustained when his car collided in the nighttime with metal
> barrier posts defendant maintained near end of parkway in
> center of street to guard its ornamental light pole, where
> testimony taken in light most favorable to plaintiff shows the
> cause of the accident was his own want of care, since he saw
> bushes behind the posts but not latter until too late to avoid
> striking the posts, and defendant not guilty of actionable neg-
> ligence for failure to warn of presence of such posts, no re-
> covery may be had.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 16, 1941. (Docket No. 66, Calendar No. 41,448.) Decided March 11, 1941.

Case by August J. Cramer against Detroit Edison Company, a New York corporation, for injuries received on collision of his automobile with posts erected by defendant. Verdict for plaintiff. From judgment for defendant notwithstanding the verdict, plaintiff appeals. Affirmed.

*G. Edson Hallock* (*Clarence L. Smith,* of counsel), for plaintiff.

*Oxtoby, Robison & Hull,* for defendant.

WIEST, J.   Grand avenue in the city of Mt. Clemens has a parkway, 10 feet 2 inches in width, in the center of the street, with paved roadways on each side thereof 17 feet 11 inches in width. At the east end of the parkway, the Edison Company maintains an electric light pole, under a lighting contract with the city, and, as a protective barrier, placed three metal posts, about 8 inches in diameter and about 3 feet in height, at the east end of the parkway and a foot back from the curb.

At about 1:30 o'clock, the morning of November 23, 1935, while plaintiff was driving his car westward on Grand avenue, he collided with one of the barrier posts and suffered injuries. He brought this suit originally against defendant and the city of Mt. Clemens but, by amended declaration, proceeded against the Detroit Edison Company alone.

Upon trial by jury he had a verdict for $20,000. Notwithstanding the verdict, under power reserved upon motions of defendant, the court entered judgment for defendant on the grounds that defendant was not liable and plaintiff, in any event, was guilty of contributory negligence as a matter of law.

As plaintiff approached the end of the parkway he observed what appeared to be a dark object and, when within stopping distance, discovered bushes thereon but did not attempt to stop.

Defendant placed the electric light pole at that place under its lighting contract with the city and the barrier posts in position to protect its ornamental light pole.

Plaintiff testified that the night was clear and the pavement dry. He was driving between 15 and 19 miles per hour, with the car headlights turned on. No street lights were burning at the point of the accident. He was using his dim headlights. He was about seven feet from the posts before he saw them, and then tried to put the brake on but hit the post before he could stop. His left front tire struck the parkway curb just before the time the bumper struck the posts. He was about seven feet from the posts before he knew he was coming to an obstruction. He could not see them sooner because they were not visible. They were so small and they were the same color as the pavement and the sand around them. He lived in Pontiac and was not familiar with the

streets in Mt. Clemens, having been there but once before.

He could see 75 feet ahead on the night in question with his lights on in the manner previously testified, the parkway and the bushes on it about 20 feet from the end. There was nothing to prevent his view of the bushes. He was able with dim headlights to see the bushes. He saw the bushes but did not know what it was at the time.

"I didn't know what it was, I could just see that big dark object.

"Those bushes are in back of the ornamental street lamp, but they could be seen for a distance of 75 feet. I could see the bushes at a distance of 75 feet, but I didn't know it was a parkway. I didn't know what it was at the time. I could observe those bushes which were 20 feet to the west of the ornamental street lamp, but I did not immediately try to stop my car because I was on the center of the road and I had time between that distance and the bushes to turn and keep right on the pavement. I was driving on the right hand side more in the center. I didn't change my course. I could stop my car in 10 or 12 feet traveling at the rate of 18 miles per hour. I could have stopped my car within 10 feet if my foot had been on the brake, but I had to take the time to put my foot up there and my foot got caught between the clutch and the steering column. If my left foot had not got caught, I still would not have had time to stop the car, but my left foot getting caught took a little more time. I was about 7 feet from the curb at the easterly end of the parkway when I first observed the parkway in the middle of Grand avenue. As soon as I saw it, I put my foot on the brakes. The night was clear, but the moon was not shining. At a distance of 75 feet I could see a person or an object like those bushes. I could also

see that there was a travelled portion of the highway on both sides of the bushes. The bushes did not loom up clearly, but I could see that there was an object. I was then to the west of the intersection. As I proceeded down Grand avenue from the east, there was nothing in my way and the street was absolutely clear. When I saw those bushes at a distance, I knew I could turn out for them and assumed I had plenty of time to turn and avoid hitting them.''

The ornamental light pole was back about five feet from the curb, at the east end of the parkway, and the posts were set about a foot inside the curb. The guard posts were not in the highway but upon the parkway and were not a menace to travel on the highway. There was no duty on the part of defendant to make the posts more distinct or advertise their presence at that place.

*Clinkenbeard* v. *City of St. Joseph*, 321 Mo. 71 (10 S. W. [2d] 54, 61 A. L. R. 242), is like the case at bar. In that case there was a parkway 17.3 feet in width and 245 feet in length on one side of the street. Near a corner of this parkway and heading approaching traffic over the street, the defendant utility company maintained a pole for city lighting purposes, located about a foot inside the parkway curb. Plaintiff therein, in driving his automobile over the street in the nighttime, ran his car over the curb of the parkway and against the light pole. He claimed the pole was the color of the pavement and the place was without light, barriers or warning signs.

The court held (p. 89):

''We are of opinion that neither of the defendants herein is chargeable with actionable negligence in the maintenance of the parkway, or its incidents, including the pole in question, which were entirely and wholly outside of the traveled and improved road-

way of Ashland boulevard set aside and designated by the defendant city for ordinary vehicular travel and use of the public."

The testimony in that case is set forth in the opinion and almost parallels that of plaintiff herein.

The court also held (p. 91):

"Neither do we think that defendant utility corporation is chargeable with actionable negligence in erecting and maintaining the pole upon the parkway in question."

Considering the testimony of the plaintiff in the case at bar in its most favorable light it shows the cause of the accident was the want of care on the part of the plaintiff.

Under plaintiff's testimony the proximate cause of the accident was his own want of ordinary care. He was driving near the center of the street and saw a dark object right ahead of him and bushes directly in the path of his car, noticed a traveled portion of the highway on both sides of the bushes and yet he continued his course until it was too late to turn aside and avoid striking the posts.

The defendant was not guilty of actionable negligence. The ornamental light pole was back a short distance from the curb at the east end of the parkway and the posts set between that pole and the curb of the parkway. So situated the posts were not a menace to travel on the highway, and there was no duty on the part of defendant to advertise the presence of the posts by warning signs.

The judgment in the court below is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.