## DAVIS v CHRYSLER CORPORATION

Docket No. 79736. Submitted November 13, 1985, at Detroit. Decided May 6, 1986. Leave to appeal applied for.

Dorothy Davis was injured in an automobile accident when she lost control of an automobile and struck a light pole. She and her husband, Charles Davis, filed suit in Wayne Circuit Court against Chrysler Corporation, the manufacturer of the automobile, alleging negligent manufacture and design. Almost a year later, plaintiffs amended their complaint to add the City of Detroit and the Detroit Public Lighting Department as defendants, alleging that these defendants breached their duty of care to properly maintain the roadway and light pole involved in the accident, and that such breach of duty was the proximate cause of plaintiff Dorothy Davis' injury and plaintiff Charles Davis' loss of consortium. The city moved for summary judgment contending that plaintiffs had failed to state a claim upon which relief can be granted. Plaintiffs moved to amend their complaint to add a count of intentional nuisance. The circuit court, Claudia Morcom, J., granted the city's motion for summary judgment but denied plaintiffs' motion to amend their complaint. Plaintiffs appealed. *Held:*

1. The tort liability of a municipality to an injured person whose injury was proximately caused by the municipality's improper maintenance of a highway under its jurisdiction is not limited to the maintenance of the improved portion of the highway. The municipality may also be liable for the defective construction and improper maintenance of bridges, sidewalks,

---

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103-121.

Liability, in motor vehicle related cases, of governmental entity for injury or death resulting from defect or obstruction on roadside parkway or parking strip. 98 ALR3d 439.

Liability of highway authorities arising out of motor vehicle accident caused by failure to properly maintain traffic control device at intersection. 98 ALR3d 1008.

Existence of actionable defect in street or highway proper as question for court or jury. 1 ALR3d 496.

Injury to traveler from collision with privately owned pole standing within boundaries of highway. 3 ALR2d 6.

crosswalks, culverts and electric street light poles. In this case, plaintiffs, by alleging that the defendant city placed the light pole in question too close to the roadway improperly designed, selected, installed, maintained, inspected, controlled or tested it, and improperly planned, designed or improved the roadway, had stated a legally cognizable claim against the city. Therefore, the circuit court erred in granting summary judgment in favor of the city.

2. The circuit court abused its discretion in denying plaintiffs' motion to amend their complaint to add a count of intentional nuisance. A motion to amend a complaint should ordinarily be denied only where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party created by the allowance of the amendment, or futility of amendment. None of these factors were present in this case.

Reversed and remanded.

1. HIGHWAYS — MAINTENANCE OF HIGHWAYS — UTILITY POLES.

    The statutory duty of the state or a county having jurisdiction over a highway to maintain that highway in reasonable repair is not limited to the paved portion of the roadway but may include a utility pole where such pole is on or encroaches upon the improved portion of the highway (MCL 691.1402; MSA 3.996[102]).

2. HIGHWAYS — MAINTENANCE OF HIGHWAYS — MUNICIPALITIES.

    The statutory duty of a municipality having jurisdiction over a highway to maintain that highway in reasonable repair includes, in addition to the proper maintenance of the improved portion of the highway, the maintenance and repair of electric street light poles for the highway; a municipality may be liable to an injured person whose injury is proximately caused by a breach of this duty (MCL 691.1401[e], 691.1402; MSA 3.996[101][e], 3.996[102]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — PLEADINGS — COURT RULES.

    A motion for summary judgment on the ground that the complaint fails to state a claim upon which relief can be granted is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and unless the claim is so clearly

unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1], now MCR 2.116[c][8]).

4. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

A motion to amend pleadings ordinarily should be freely granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment (GCR 1963, 118.1, now MCR 2.118[A]).

5. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE — COURT RULES.

The prejudice justifying a trial court's denial of a motion to amend a pleading is not prejudice arising from the amendment's effect on the result of trial or loss of a meritorious claim or defense, but is, rather, prejudice preventing a party from having a fair trial (GCR 1963, 118.1, now MCR 2.118[A]).

*Rhodes, Laramie & Williams, P.C.* (by *Robert E. Laramie),* for plaintiff.

*Laurel McGiffert,* Assistant Corporation Counsel, for defendant City of Detroit.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's orders granting defendant City of Detroit's motion for summary judgment pursuant to GCR 117.2(1), now MCR 2.116(C)(8), on plaintiffs' claim brought under the defective highway statute, MCL 691.1402; MSA 3.996(102), and denying plaintiffs' motion to amend their complaint to add a count of intentional nuisance. We reverse.

Plaintiff Dorothy Davis was driving her 1980 Dodge Mirada on April 10, 1981, when, allegedly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

because of a torsion bar failure, she lost control of the car and struck a light pole. She was severely injured in the collision. Plaintiffs filed a complaint against Chrysler Corporation on June 23, 1982, for negligent manufacture and design of the Mirada. They amended their complaint on June 2, 1983, adding the City of Detroit and the Detroit Public Lighting Department as defendants. Plaintiffs alleged that the city, through the department, was responsible for the erection of street light poles, one of which plaintiff Dorothy Davis had violently collided with during the accident.

Plaintiffs alleged that the city and the department breached their duty of care in that they:

A) Improperly placed the lighting pole too close to the traveled portion of the roadway in question.

B) Improperly designed the lighting pole in question.

C) Improperly selected the type of lighting pole used in question.

D) Improperly installed, maintained, inspected, controlled, and/or tested the lighting pole in question.

E) Improperly planned, designed and/or improved the road in question.

Plaintiffs further alleged that this breach of duty proximately caused plaintiff Dorothy Davis' severe injuries and Charles Davis' loss of consortium.

On April 19, 1984, the city[1] moved for summary judgment pursuant to GCR 1963, 117.2(1), based on plaintiffs' alleged failure to state a claim upon

[1] Although plaintiffs' complaint named the Detroit Public Lighting Department as a defendant, the department is not a separate legal entity against which a tort action can be directed. *McPherson v Fitzpatrick,* 63 Mich App 461, 464; 234 NW2d 566 (1975), lv den 399 Mich 830 (1977).

which relief can be granted. On May 1, 1984, plaintiffs moved to amend their complaint to add a count of intentional nuisance and both motions were heard on May 11, 1984. The circuit court granted the city's motion for summary judgment and denied plaintiffs' motion to amend, entering orders to that effect on May 29, 1984. Plaintiffs' motion for a rehearing on both decisions was denied by the circuit court on July 13, 1984.

On appeal, plaintiffs first argue that the circuit court erred in granting the city's motion for summary judgment pursuant to GCR 1963, 117.2(1). We agree.

The Legislature has created an exception to governmental immunity where defectively designed or maintained highways cause bodily injury or damage to property:

Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. [MCL 691.1402; MSA 3.996(102).]

The term highway includes:

> every public highway, road and street which is
> open for public travel and shall include bridges,
> sidewalks, crosswalks and culverts on any high-
> way. The term "highway" shall not be deemed to
> include alleys. [MCL 691.1401(e); MSA
> 3.996(101)(e).]

The defective highway provision, MCL 691.1402;
MSA 3.996(102), applies not only to the state, but
to municipal corporations such as the City of
Detroit. MCL 691.1401(a) and (d); MSA
3.996(101)(a) and (d).

Thus the issue in the instant case is whether
plaintiffs' claim (that the city placed the light pole
in question too close to the roadway, improperly
designed, selected, installed, maintained, inspected,
controlled or tested it, and improperly planned,
designed or improved the roadway) fell within the
above-cited statutory exception to governmental
immunity and thus stated a legally cognizable
claim against the city. We find that plaintiffs'
allegations did state such a claim.

The state and its counties have no liability for
placement and maintenance of utility poles unless
they are "on the improved portion of a highway
designed for vehicular travel" because these enti-
ties have waived their immunity for such installa-
tions only within the improved portion of the
highway designed for vehicular traffic. MCL
691.1402; MSA 3.996(102). *Anderson v Macomb
County Road Comm,* 143 Mich App 735, 741-742;
372 NW2d 651 (1985); *McKee v Dep't of Transpor-
tation,* 132 Mich App 714, 720-722; 349 NW2d 798
(1984); cf. *Carney v Dep't of Transportation,* 145
Mich App 690, 695-697; 378 NW2d 574 (1985).
Thus a utility pole which is on or encroaches upon
an improved portion of the highway may occasion

suit against the state or a county[2] under the defective highway provision. MCL 691.1402; MSA 3.996(102). Also, this Court has recently suggested that light poles may themselves constitute part of the improved portion of a roadway, thus exposing a county having jurisdiction over street lighting to liability for breaching its duty to repair and maintain the street lighting. *Zyskowski v Habelmann*, 150 Mich App 230; 388 NW2d 315 (1986).

In contrast to the state and counties, the liability of municipalities under MCL 691.1402; MSA 3.996(102) is not limited to improved portions of highways designed for vehicular travel. Municipalities remain liable for defective construction or maintenance of public highways, roads and streets open for public travel, including bridges, sidewalks, crosswalks and culverts on the highway.[3] See *O'Hare v Detroit,* 362 Mich 19, 24-25; 106 NW2d 538 (1960). Their duty encompasses the duty of maintenance and repair of electric street light poles as part of their duty to keep in reasonable repair streets, highways, sidewalks, etc. *Mechay v Detroit,* 364 Mich 576, 578; 111 NW2d 820 (1961), and cases cited therein. See also *Cabana v City of Hart,* 327 Mich 287; 42 NW2d 97; 19 ALR2d 333 (1950). Moreover, liability for breach of this duty to repair and maintain light poles is not limited to sidewalk travelers. Liability is imposed

[2] This exclusion from liability for the state and counties parallels this Court's holdings that utility companies will not be found negligent for the erection or maintenance of a utility pole struck by a motor vehicle unless the pole is located on the traveled portion of the highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone properly using the highway. *McMillan v State Highway Comm,* 130 Mich App 630; 344 NW2d 26 (1983), lv den 419 Mich 893 (1984), reconsideration gtd 422 Mich 933 (1985); see also *Cramer v Detroit Edison Co,* 296 Mich 662; 296 NW 831 (1941); *Dawson v Postal Telegraph-Cable Co,* 265 Mich 139; 251 NW 352 (1933).

[3] This distinction was not clearly delineated by the parties in the proceedings below.

on a municipality in favor of *any* person injured by the municipality's breach of its statutory duty. *Mechay, supra,* pp 578-579. Thus, municipalities can be held liable for any breach of their duty to maintain and repair street light poles which *proximately causes* any person's injuries.[4]

In the instant case plaintiffs alleged that a municipality, the city, breached its duty with respect to the light pole and roadway in question by improperly placing the light pole too close to the traveled portion of the roadway, improperly designing, selecting, installing, maintaining, inspecting, controlling, or testing the pole, and improperly planning, designing or improving the road, and that this breach proximately caused plaintiffs' injuries. From the record it appears that the circuit court, in distinguishing case law cited by plaintiffs, impliedly found that the light pole was not a proximate cause of the injury because it was not inherently defective, and granted summary judgment for the city on that basis.[5]

Although proximate cause is essentially a question of law for the court, *Moning v Alfono,* 400 Mich 425, 440; 254 NW2d 759 (1977),[6] the ultimate resolution of proximate causation often involves

---

[4] For example, a municipality's breach of its duty to keep light poles in repair may constitute a proximate cause of a plaintiff's injuries and give rise to liability on the part of the municipality in the following scenario: a light pole rotted at its base falls into the adjacent roadway and injures a person traveling upon the roadway.

[5] The circuit court's only statement suggesting its basis for the grant of summary judgment for the city was as follows:

> [T]hose cases [*Rufner v Traverse City,* 296 Mich 204; 295 NW 620 (1941); *Mechay, supra*] . . . are distinguishable because those poles were defective in and of themselves and presented a hazard which was the proximate cause of the injury, so, I am going to grant [the city's] Motion for Summary Judgment.

[6] Our Court has, at times, incorrectly characterized proximate cause as a question of fact. *McKee, supra,* p 722; *Hall v Dep't of State Highways,* 109 Mich App 592, 603; 311 NW2d 813 (1981), lv den 413 Mich 942 (1982). However, although proximate cause is ultimately a

factual questions. However, determinations of fact are not proper upon a motion for summary judgment for failure to state a claim. GCR 1963, 117.2(1). In ruling on a motion for summary judgment for failure to state a claim, the court considers only the pleadings and accepts as true all well-pled allegations in testing the legal sufficiency of the complaint. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), lv den 411 Mich 905 (1981). A motion under GCR 1963, 117.2(1) tests only the legal, not the factual, sufficiency of the pleadings and the court should not probe the plaintiff's ability to prove the allegations in the complaint. *McCallister, supra,* p 135; *Rowe v Colwell,* 67 Mich App 543, 547-548; 241 NW2d 284 (1976), lv den 397 Mich 840 (1976). On a motion for failure to state a claim, the court should determine whether the plaintiff's claims are so clearly unenforceable that no factual development could possibly justify plaintiff's right to recovery. *Martin v Metropolitan Life Ins Co,* 140 Mich App 441, 447; 364 NW2d 348 (1985).

In the instant case, the circuit court's determination that the light pole was not a proximate cause of plaintiffs' injuries was premature. The determination was apparently based on the court's implied finding that the pole in question was not inherently defective. This finding of fact was improper on a motion for summary judgment for failure to state a claim. Plaintiffs in the instant case pled that the light pole was defective and that this defect, among other alleged breaches of duty by the city, was a proximate cause of their injuries. The adequacy of these bare-bone pleadings

question of law interrelated with duty and policy questions, *Moning, supra,* pp 438-440, the determination of proximate cause often hinges on the factual setting of a case and factual questions such as causation in fact. Thus, in many situations, proximate causation cannot be determined until the facts have been resolved.

was not challenged. Rather, plaintiffs' complaint was challenged for failing to state a legally cognizable claim. However, a legally cognizable claim against a municipality involving its duty to maintain light poles does exist in a situation where a defective pole proximately causes a plaintiff's injury. *Mechay, supra.* Thus, plaintiffs' pleadings, sketchy though they may be, have stated a claim against the city for allegedly breaching its duty to maintain the light pole in question. Moreover, plaintiffs' other alleged breaches of duty on the part of the city, such as placement of the pole too close to the roadway[7] on which plaintiff was traveling, might also constitute a claim involving the city's breach of duty to maintain a safe roadway.[8]

In addition, plaintiffs alleged that the city improperly planned, designed or improved the road in question, and that this was a proximate cause of plaintiffs' injuries. The city did not specifically address this claim in its motion and argument for summary judgment, but instead focused on the light pole in question. We find that plaintiffs' allegations regarding the roadway conceivably constitute a claim pursuant to MCL 691.1402; MSA 3.996(102), independent of the light pole claim.[9] Thus summary judgment on this portion of plaintiffs' claim, which was not independently considered by the circuit court, was also improper.

---

[7] On appeal, plaintiffs contend that the two passenger-side wheels of plaintiffs' vehicle were on the curb, while the driver's-side wheels were on the road, when the collision with the pole occurred. We point out, however, that these facts were not alleged in the pleadings and only the pleadings can be considered by the circuit court on a motion for summary judgment brought pursuant to GCR 1963, 117.2(1). In any event, even though plaintiffs merely alleged that the light pole in question was placed too close to the roadway, the city did not move for a more specific statement, but instead challenged the legal sufficiency of the complaint.

[8] Jurisdiction over the roadway was not at issue.

[9] See n 6.

Plaintiffs further argue on appeal that the circuit court abused its discretion in denying plaintiffs' motion for leave to amend their complaint to add a count of intentional nuisance. GCR 1963, 118.1, now MCR 2.118(A). The city objected to plaintiffs' amending of their complaint, arguing that such amendment would be futile because if the placement and design of the light pole could not support an action for negligence, the light pole could not constitute a nuisance. The city additionally argued that it would be prejudiced by the filing of the amendment because the period of limitations for the filing of the nuisance claim had expired,[10] and because its defenses on the nuisance claim would involve proofs different from those on the negligence claim. The circuit court found that its grant of summary judgment for the city on the negligence claim disposed of plaintiffs' nuisance claim, that plaintiffs were "late, dilatory in filing [the nuisance claim]," and denied plaintiffs' motion to amend on these grounds. We reverse the denial on both grounds.

First, our reversal of the circuit court's grant of summary judgment on plaintiffs' negligence claim renders it impossible for the judgment to also dispose of the intentional nuisance claim. Thus the amendment cannot now be denied on this ground.

With respect to the circuit court's second ground for denying plaintiffs' motion to amend, i.e., timeliness, mere delay in and of itself does not mandate denial of a motion to amend. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). A motion to amend a complaint should ordinarily be denied only where there is undue delay, bad faith or dilatory motive on the

[10] The period of limitations for claims based upon intentional nuisance is three years. *Pacini v Detroit,* 126 Mich App 1, 4; 336 NW2d 882 (1983), lv den 422 Mich 890 (1985); MCL 600.5805(8); MSA 27A.5805(8).

part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party created by the allowance of the amendment, or futility of amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). In the instant case, none of these factors was present. Although the circuit court did mention "dilatory" filing, it is apparent from the record that the court meant merely that plaintiffs were late in filing their nuisance claim, not that plaintiffs possessed a dilatory motive, i.e., intentionally delayed filing their claim. No dilatory motive on the part of plaintiffs was evident from the record, nor was such motive asserted by the city. Rather, the city contended that the amendment would be prejudicial because the period of limitations had expired and the proofs required in defense of the nuisance claim differed from those in defense of the negligence claim. We find that prejudice of this type and extent did not warrant denial of plaintiffs' motion to amend.

The prejudice justifying the denial of a motion to amend is not prejudice arising from the amendment's effect on the result of trial or loss of a meritorious claim or defense, but is, rather, prejudice preventing a party from having a fair trial. *Fyke, supra,* pp 657-658. Thus, the expiration of the period of limitations[11] which would result in a meritorious defense by defendant does not automatically preclude the amending of a complaint absent undue prejudice to defendant or other factors warranting denial of the amendment. See *Doan v Chesapeake & O R Co,* 18 Mich App 271;

[11] An amendment to a pleading relates back to the date of filing of the pleading, even if amendment occurs after the expiration of the period of limitations, if the amendment springs from the same transactional setting as originally pleaded. See *Doan v Chesapeake & O R Co,* 18 Mich App 271, 276-278; 171 NW2d 27 (1969).

171 NW2d 27 (1969); see also *Guerra v Bar-Har Investments, Inc,* 112 Mich App 302; 315 NW2d 921 (1982), lv den 414 Mich 974 (1982).

In the instant case, the motion to amend was filed on May 1, 1984, one year after the first amended complaint against the city on June 2, 1983, and just days over three years after the accident on April 10, 1981. Other than a set of interrogatories, the city had engaged in no discovery since its entry in the lawsuit one year prior to the motion for amendment of the complaint. Many of the witnesses and evidence on the negligence and intentional nuisance claims would overlap. We cannot discern from the record any undue prejudice to the city resulting from allowance of plaintiffs' amendment.

Plaintiffs' delay in filing their nuisance claim via amendment, absent dilatory motive, bad faith or undue prejudice to the city, did not warrant the circuit court's denial of their motion to amend. Leave to amend should be freely given when justice so requires. GCR 1963, 118.1, now MCR 2.118(A)(2). We thus find that the circuit court abused its discretion in denying plaintiffs' motion to amend their complaint to add an additional count of intentional nuisance solely on the ground of timeliness of the filing.

Reversed and remanded.