*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TANIKA ANDERSON,

Plaintiff-Appellee,

and

PRISM LAB, LLC and COMPLETE IMAGING,

Intervening Plaintiffs,

v

CITY OF DETROIT, KAMIKA CORBITT, and
DETROIT DEPARTMENT OF
TRANSPORTATION,

Defendants-Appellants.

UNPUBLISHED
July 11, 2024

No. 363840
Wayne Circuit Court
LC No. 20-008755-NI

Before: KELLY, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

Defendants, the city of Detroit (the city), Kamika Corbitt, and the Detroit Department of Transportation (DDOT), appeal by right the trial court's order granting in part and denying in part their motion for summary disposition on the basis of governmental immunity in this action arising from injuries sustained by plaintiff Tanika Anderson while riding on a city bus. Defendants challenge the portion of the trial court's order denying summary disposition of plaintiff's respondeat superior claim against the city and DDOT relative to Corbitt's alleged negligent operation of the city bus. We affirm the trial court's denial of summary disposition as to plaintiff's claim against the city, but reverse the trial court's denial of summary disposition as to plaintiff's claim against DDOT, a department of a municipal corporation.

## I. BACKGROUND

Plaintiff alleges that she was injured on July 16, 2019, while a passenger on a city bus operated by Corbitt. Relevant to this appeal, plaintiff asserted claims for negligence against

-1-

Corbitt, owner's liability under MCL 257.401 against the city and DDOT, and respondeat superior liability against the city and DDOT.

According to plaintiff, she was riding a city bus on her way to work on July 16, 2019, between 12:35 p.m. and 12:50 p.m. She sat in the first front-facing seat, with a metal bar in front of it, and noticed that the bus driver, Corbitt, was arguing with someone on the phone. At one point, an elderly man boarded the bus. Because there was construction at the man's stop, Corbitt stopped the bus in the middle lane to pick him up. The man had been waving down the bus. When the man boarded the bus, Corbitt immediately began "cussing him out" and told him, "[y]ou don't have to wave me down, I know my job." The man responded, "[j]ust drive, lady," and he began to walk to the back of the bus while he and Corbitt continued to argue with one another. According to plaintiff, after the man responded to one of Corbitt's comments, Corbitt "slammed on the brakes really hard, and that's when everybody went flying, including myself." Plaintiff "almost flipped over the bar" in front of her seat and injured her right thumb. She went to the hospital, her thumb was placed in a splint, and she was referred to a hand specialist. Plaintiff subsequently had surgery on her hand.

Relevant to this appeal, defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that plaintiff's claims were barred by governmental immunity. Defendants also argued that DDOT was not a proper party to this action because municipal corporation departments cannot be sued for money damages. The trial court dismissed plaintiff's negligence claim against Corbitt because she was a city employee acting within the scope of her employment while engaged in a governmental function, and plaintiff failed to plead allegations supporting a gross-negligence claim. Therefore, Corbitt was immune from liability under MCL 691.1407(2). The trial court also determined that the city and DDOT were entitled to immunity relative to plaintiff's owner's-liability claim under MCL 691.1407(1) because the claim did not fall within an exception to governmental immunity. However, the trial court determined that plaintiff sufficiently alleged a respondeat superior claim against the city and DDOT, which fell within the motor-vehicle exception to governmental immunity under MCL 691.1405. The trial court, therefore, denied summary disposition of that claim. Defendants now appeal by right, challenging the trial court's partial denial of summary disposition in favor of the city and DDOT.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Here, defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10).

Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by "immunity granted by law[.]" MCR 2.116(C)(7). When addressing such a motion, the trial court "must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550-551; 909 NW2d 945 (2017), citing *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). A party moving for summary disposition under MCR 2.116(C)(7) "may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider." *Allstate Ins Co*, 321 Mich App at 551; citing *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159, citing *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil*, 504 Mich at 160, citing *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160, citing *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

"A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160, citing *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160, citing *Johnson*, 502 Mich at 761. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160, citing *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160, quoting *Johnson*, 502 Mich at 761.

### III. PLAINTIFF SUFFICIENTLY PLEADED RESPONDEAT SUPERIOR

Plaintiff sufficiently pleaded a claim for respondeat superior in avoidance of governmental immunity and established a genuine issue of material fact regarding the city's liability under a theory of respondeat superior.

A governmental agency is generally immune from tort liability if it is engaged in the exercise or discharge of a governmental function, unless an exception to immunity applies. *Mack v Detroit*, 467 Mich 186, 197-198; 649 NW2d 47 (2002). Specifically, MCL 691.1407(1) provides:

> Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act does not modify or restrict the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.

MCL 691.1407 also addresses the immunity of governmental employees and provides, in relevant part:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

\* \* \*

(8) As used in this section:

(a) "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

A plaintiff must plead their case in avoidance of governmental immunity. *Mount Clemens Recreational Bowl, Inc v Director of Dep't of Health & Human Servs*, 344 Mich App 227, 245; 998 NW2d 917 (2022), lv pending oral argument on app 511 Mich 971 (2023). To do so, they must state a claim that "fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id.*, quoting *Mack*, 467 Mich at 204. Relevant here, the motor-vehicle exception to governmental immunity provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405.

Plaintiff alleged that the city and DDOT were vicariously liable for Corbitt's negligence under a theory of respondeat superior (vicarious liability). Generally, liability will only be imposed on a defendant for that defendant's own acts of negligence, and not for the tortious conduct of others. *Laster v Henry Ford Health Sys*, 316 Mich App 726, 734; 892 NW2d 442 (2016). "However, an exception exists under the theory of respondeat superior, wherein an employer may be liable for the negligent acts of its employee if the employee was acting within the scope of his employment." *Id.*, citing *Hamed v Wayne Co*, 490 Mich 1, 10-11; 803 NW2d 237 (2011); *Hekman Biscuit Co v Commercial Credit Co*, 291 Mich 156, 160; 289 NW 113 (1939). This concept is embodied in MCL 691.1405, which provides that a governmental agency is liable for bodily injury caused by an employee's negligent operation of a motor vehicle owned by the agency.

Defendants do not dispute that Corbitt was an employee of the city, that Corbitt was operating the bus that allegedly caused plaintiff's injury, or that the bus was owned by the city. However, defendants argue that plaintiff failed to plead a claim of respondeat superior liability in avoidance of governmental immunity. We disagree.

In support of their argument that plaintiff failed to sufficiently allege a claim in avoidance of governmental immunity, defendants rely on the allegations in ¶ 38 of plaintiff's first amended complaint, which asserted that the city and DDOT negligently entrusted the use of the city bus to Corbitt who was incompetent and unfit to drive because of her inability, inexperience, and

consistently negligent driving. Defendants argue that a claim of negligent entrustment does not involve the operation of a vehicle, and therefore, does not fall within the motor-vehicle exception to governmental immunity.

But plaintiff's complaint was not so limited. Plaintiff alleged that Corbitt did not use reasonable and due care in the operation of the city bus, and failed to operate the bus in a way that protected plaintiff's safety, health, life, and property. Plaintiff further alleged that Corbitt drove the bus in a manner that was negligent, careless, and reckless, and that she did not keep the vehicle under control. In addition, plaintiff alleged that Corbitt negligently operated the bus without making reasonable and proper observations "so as to reduce the speed of" the bus before bringing it to a stop. Plaintiff further alleged in ¶ 36 that the city and DDOT were liable for Corbitt's negligence under the doctrine of respondeat superior. As the trial court recognized, these allegations were sufficient to state a claim under the motor-vehicle exception for the city's and DDOT's respondeat superior liability arising from Corbitt's negligent operation of the bus. The fact that the complaint contained additional allegations of negligent entrustment that are not within the scope of the motor-vehicle exception does not change the fact that the complaint otherwise stated a valid claim under the motor-vehicle exception in avoidance of governmental immunity.

Defendants further argue that plaintiff failed to sufficiently allege a claim in avoidance of governmental immunity because she did not specifically reference the motor-vehicle exception to governmental immunity, MCL 691.1405, in her complaint. We agree that plaintiff could have more clearly set forth the basis for her claim by specifically referencing MCL 691.1405 in her complaint. However, as previously explained, plaintiff's allegations were sufficient to state a claim under the motor-vehicle exception for respondeat superior liability arising from Corbitt's negligent operation of the bus. Therefore, plaintiff sufficiently pleaded her claim in avoidance of governmental immunity. To the extent that the complaint is deficient for failing to cite MCL 691.1405, the trial court should permit Anderson to cure this through amendment.

## IV. GENUINE ISSUE OF MATERIAL FACT REGARDING PLAINTIFF'S CLAIM UNDER RESPONDEAT SUPERIOR THEORY

Defendants also argue that even if plaintiff properly pleaded a claim under the motor-vehicle exception, they are entitled to summary disposition under MCR 2.116(C)(10) because there is no genuine issue of material fact regarding plaintiff's ability to establish a claim under the motor-vehicle exception. We disagree.

To establish a prima facie negligence claim, a plaintiff must present evidence of the following elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 508; 991 NW2d 230 (2022), quoting *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

Plaintiff testified in her deposition that on the day of the accident, when she first boarded the bus, she could hear Corbitt arguing with another person on the phone while driving. After an elderly gentleman waved down and boarded the bus, Corbitt began "cussing him out," and told him, "[y]ou don't have to wave me down, I know my job." The man responded, "[j]ust drive,

lady," and he began to walk to the back of the bus while he and Corbitt continued to argue with one another. According to plaintiff, after the man responded to one of Corbitt's comments, Corbitt "slammed on the brakes really hard, and that's when everybody went flying, including myself." Plaintiff "almost flipped over the bar" in front of her seat and injured her right thumb. After braking, Corbitt began driving again at a speed of approximately 30 miles an hour. Plaintiff was able to see out the window and did not see any cars in front of the bus, and while there was traffic on the busy road, there were no cars directly in front of the bus. At the time Corbitt applied the brake, plaintiff's attention was on the road in front of the bus. Plaintiff testified that she would "just [glance] over at [Corbitt], basically hoping and wishing she would continue her job so I could get to mine." Corbitt denied having any recollection of the events of July 16, 2019, so she was not able to share her version of what happened. However, she did not recall anyone being injured that day, and she denied ever swearing at a passenger or talking on her phone while driving the bus.

We agree with the trial court that plaintiff's deposition testimony establishes a genuine issue of material fact as to whether Corbitt operated the bus in a negligent manner such that the city and DDOT could be held liable under a respondeat superior theory. Although defendants emphasize that the mere occurrence of an accident is not sufficient to prove negligence, see *In re Estate of Miller*, 300 Mich 703, 711; 2 NW2d 888 (1942), and *Burghardt v Detroit United Ry*, 206 Mich 545, 546-547; 173 NW 360 (1919), plaintiff's evidence was not so limited. Viewed in the light most favorable to plaintiff, plaintiff's testimony supports an inference that Corbitt was distracted while driving by talking on the phone and arguing with a passenger, and that she forcefully applied the brakes under circumstances where there was no apparent need for an immediate stop.

Defendants' reliance on *Moncrief v Detroit*, 398 Mich 181, 193-194; 247 NW2d 783 (1976), is also misplaced. In that case, our Supreme Court reviewed a trial court's finding after a bench trial that a bus driver was not negligent. The bus driver and the plaintiff presented contradictory testimony, and the trial court found that the bus driver was more credible. The Supreme Court observed that the plaintiff's testimony was "generally confused and indefinite," she was not able to determine the speed of the bus at the time of the accident, the name of the street on which the accident occurred, the distance of the accident from the street corner, or the lane in which the bus was driving. *Id*. at 194. After reviewing the trial court's factual findings, the Supreme Court stated, "[w]e cannot find that the trial court was clearly in error." *Id*. Moncrief is distinguishable from this case because it involved review of a trial court's findings following a bench trial, and the Supreme Court observed that it was required to defer to the trial court's findings absent a showing of clear error. Conversely, this case was decided on summary disposition and the trial court properly observed that it was required to view the evidence in a light most favorable to plaintiff, the nonmoving party. *Moncrief* supports the conclusion that a trier of fact should determine whether Corbitt was negligent. Accordingly, the trial court did not err by ruling that there were genuine issues of material fact as to whether Corbitt operated the bus in a negligent manner such that the city could be liable under the motor-vehicle exception to governmental immunity.

Defendants further argue that the trial court erred by failing to grant their motion for summary disposition because plaintiff alleged an intentional tort, namely, an assault and battery, which is not an exception to governmental immunity. The trial court agreed with defendants that plaintiff could not establish respondeat superior liability on the basis of any intentional tort

committed by Corbitt, but disagreed with defendants that plaintiff's complaint was based on or limited to such a claim. Although Corbitt's conduct toward the man that said "just drive" may have been an intentional battery, the effect of the same conduct on plaintiff sounds in negligence. The trial court did not err in this regard.

Defendants are correct that an intentional tort is not itself an exception to governmental immunity. See *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 328; 869 NW2d 635 (2015). But to the extent that evidence suggested that Corbitt may have intentionally slammed on the brakes to commit an assault against *another passenger*, that evidence was still relevant to show that Corbitt's actions breached her duty to use due care to operate the bus in a manner to avoid placing plaintiff and other passengers at an unreasonable risk of harm. As indicated, the trial court properly ruled that plaintiff sufficiently alleged and supported a claim that her injury was caused by Corbitt's negligent operation of the bus such that liability could be established under the motor-vehicle exception to governmental immunity. Therefore, the trial court properly concluded that the city and DDOT were not entitled to summary disposition on this basis.

IV. DDOT

Defendants argue that DDOT should have been dismissed because it is not a proper party to this case. We agree. Because DDOT is a city department, it is not a proper party to this litigation. *Davis v Chrysler Corp*, 151 Mich App 463, 466 n 1; 391 NW2d 376 (1986).

MCR 2.201(C)(5), which addresses a party's capacity to be sued, states, in pertinent part:

> *Actions to which the state or a governmental unit (including but not limited to a public, municipal, quasi-municipal, or governmental corporation, an unincorporated board, a public body, or a political subdivision) is a party may be brought by or against the state or governmental unit in its own name, or in the name of an officer authorized to sue or be sued on its behalf.* An officer of the state or governmental unit must be sued in the officer's official capacity to enforce the performance of an official duty. An officer who sues or is sued in his or her official capacity may be described as a party by official title and not by name, but the court may require the name to be added. [MCR 2.201(C)(5) (emphasis added).]

Similarly, MCL 600.2051(4) provides:

> Actions to which the state or a governmental unit (including but not limited to a public, municipal, quasi-municipal, or governmental corporation, an unincorporated board, a public body, or a political subdivision) is a party may be brought by or against the state or governmental unit in its own name, or in the name of an officer authorized to sue or be sued on its behalf, except that an officer of the state or any such unit shall be sued in his official capacity for the purpose of enforcing the performance by him of an official duty. Whenever any officer sues or is sued in his official capacity, he may be described as a party by his official title and not by name, subject to the discretion of the court, upon its own motion or that of any party, to require his name to be added.

In *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007), our Supreme Court explained:

> When interpreting a statute, [this Court's] primary obligation is to ascertain and effectuate the intent of the Legislature. To do so, [this Court] begin[s] with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted.

The principles of statutory construction also apply to the interpretation of court rules. *McGregor v Jones*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361447); slip op at 2.

The plain language of the statute and court rule expressly provide that actions brought against a governmental unit may be brought against the governmental unit in its own name. While the term "may" is generally considered permissive, *In re Forfeiture of Bail Bond*, 496 Mich 320, 328; 852 NW2d 747 (2014), the Legislature, if it had seen fit to do so, could have specifically stated that a governmental unit could be sued in the name of one of its departments. Because it did not do so, we may not read into the statute, or similarly the court rule, what is not within the clear intention of the Legislature as reflected by the language of the statute itself. *Richardson v Allstate Ins Co*, 328 Mich App 468, 474; 938 NW2d 749 (2019). Therefore, DDOT is not a proper party to this litigation, and the trial court erred by failing to dismiss DDOT as a party. See *Davis*, 151 Mich App at 466 n 1 (concluding that the Detroit Public Lighting Department was not a separate legal entity against which a tort action could be directed). Accordingly, we reverse in part the trial court's order to the extent that it denied summary disposition in favor of DDOT.

## V. CONCLUSION

We affirm in part, reverse in part, and remand for further proceedings. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Noah P. Hood

-8-